■ RITE AID CORPORATION et al., Appellants, v ALEX GRASS et al., Respondents. (And Another Action.) [854 NYS2d 1]—

Judgment, Supreme Court, New York County (Karla Moskowitz, J.), entered June 11, 2007, dismissing the complaints, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered April 25, 2007, which granted upon renewal defendants' motion for summary judgment, denying as moot plaintiffs' motion to depose defendant Brown, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

A cause of action in fraud must be commenced within six years of the date of the fraudulent act, or within two years of the date the fraud was, or with reasonable diligence could have been, discovered (CPLR 213 [8]). An inquiry as to the time a reasonably diligent plaintiff could have discovered the fraud "turns upon whether a person of ordinary intelligence possessed knowledge of facts from which the fraud could be reasonably inferred" (*Ghandour v Shearson Lehman Bros.*, 213 AD2d 304, 305-306 [1995], *lv denied* 86 NY2d 710 [1995]).

Plaintiffs alleged that in the process of acquiring the stock of Sera-Tec Biologicals, a Rite Aid subsidiary, defendants obtained the stock of two other plaintiff-owned companies—Immucor and Isolyser Company—unbeknownst to the Rite Aid board of directors. We find that plaintiffs, both independently and through counsel, had notice of operative facts that should have prompted further inquiry as to the Sera-Tec transaction. Defendants' key proof—financial records and internal company correspondence—had been in plaintiffs' possession since 1994. They fail to explain their inability to discover these documents (and their claims) within the requisite time for filing suit.

We reject plaintiffs' contention that summary judgment was premature, absent the completion of discovery, as additional discovery "was unlikely to be productive" (*Deutsche Bank Sec., Inc. v Montana Bd. of Invs.*, 7 NY3d 65, 74 [2006], *cert denied* 549 US —, 127 S Ct 832 [2006]). At a minimum, plaintiffs were on inquiry notice based on their own financial records and communications, so additional discovery would not have been helpful.

We also reject plaintiffs' claim of equitable estoppel, as this doctrine will not toll a limitations statute where plaintiffs possessed timely knowledge sufficient to have placed them under a duty to make inquiry and ascertain all the relevant facts prior

to the expiration of the applicable statute of limitations (*Gleason v Spota*, 194 AD2d 764, 765 [1993]). Concur—Lippman, P.J., Friedman, Williams and Acosta, JJ. [*See* 2007 NY Slip Op 30928(U).]