09-1551-cv
LinkCo, Inc. v. Akikusa

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of February, two thousand ten.

PRESENT:   GUIDO CALABRESI,
           REENA RAGGI,
                     *Circuit Judges*,
           JOHN G. KOELTL,*
                     *District Judge*.

---------------------------------------------------------------------

LINKCO, INC., a Delaware Corporation,

                     *Plaintiff-Appellant*,

           v.                                    No. 09-1551-cv

NAOYUKI AKIKUSA, Individually, FUJITSU LIMITED,
a Japanese Corporation,

                     *Defendants-Appellees*.

---------------------------------------------------------------------

APPEARING FOR APPELLANT:    STEVEN K. FEDDER (Shannon A.S. Knox, *on the brief*), Leitess Leitess Friedberg & Fedder P.C., Owings Mills, Maryland.

APPEARING FOR APPELLEE:     RICHARD J. O'BRIEN (Paul E. Veith, Sidley Austin LLP, Chicago, Illinois, Timothy J.

---

* District Judge John G. Koeltl of the United States District Court for the Southern District of New York, sitting by designation.

Treanor, Michael D. Mann, Sidley Austin LLP, New York, New York, *on the brief*), Sidley Austin LLP, Chicago, Illinois.

Appeal from the United States District Court for the Southern District of New York (Shira A. Scheindlin, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the March 15, 2009 judgment of the district court is AFFIRMED.

Plaintiff LinkCo, Inc. appeals from the dismissal of its complaint filed pursuant to Fed. R. Civ. P. 60(b) and 60(d) seeking relief from a judgment dismissing an earlier settled claim against defendant Fujitsu Limited for conversion, misappropriation of trade secrets, and unfair competition.[1] While we generally review a district court's grant of a Rule 12(b)(6) motion to dismiss de novo, see Holmes v. Grubman, 568 F.3d 329, 335 (2d Cir. 2009), we review its denial of a Rule 60 claim only for abuse of discretion, see Paddington Partners v. Bouchard, 34 F.3d 1132, 1140 (2d Cir. 1994). In doing so, we assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

We note at the outset that because LinkCo has failed specifically to challenge the dismissal of Counts Two, Three, and Four of its complaint, any such argument is waived. See Norton v. Sam's Club, 145 F.3d 114, 117 (2d Cir. 1998). Accordingly, we here consider

---

[1] In November 2002, a jury found in favor of LinkCo on the unfair competition claim and awarded it $3,500,000 in damages plus interest. The parties subsequently entered into a settlement agreement and, in April 2003, stipulated to a dismissal of the action with prejudice.

only whether the district court properly dismissed the claim for fraud on the court alleged in Count One.

LinkCo submits that the district court erred in concluding that because Count One alleged nothing more than fraud upon an individual litigant, it provided no basis for relief from judgment under Rule 60(d). We are not persuaded. Pursuant to Rule 60(d), a court may "entertain an independent action to relieve a party from a judgment," Fed. R. Civ. P. 60(d)(1), or "set aside a judgment for fraud on the court," Fed. R. Civ. P. 60(d)(3). To obtain equitable relief through an independent action under Rule 60(d), a claimant must "(1) show that [it has] no other available or adequate remedy; (2) demonstrate that [its] own fault, neglect, or carelessness did not create the situation for which [it] seek[s] equitable relief; and (3) establish a recognized ground – such as fraud, accident, or mistake – for the equitable relief." Campaniello Imports, Ltd. v. Saporiti Italia S.p.A., 117 F.3d 655, 662 (2d Cir. 1997). The type of fraud necessary to sustain an independent action attacking the finality of a judgment under Rule 60(d) "is narrower in scope than that which is sufficient for relief" under Rule 60(b). Gleason v. Jandrucko, 860 F.2d 556, 558 (2d Cir. 1988) (citing Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 244-46 (1944)). While fraud on the court can support Rule 60(d) relief, such fraud must "seriously affect[] the integrity of the normal process of adjudication." Gleason v. Jandrucko, 860 F.2d at 559; accord Hadges v. Yonkers Racing Corp., 48 F.3d 1320, 1325 (2d Cir. 1995) (observing that such fraud "embraces only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in

3

the usual manner its impartial task of adjudging cases" (internal quotation marks omitted)). This is because Rule 60(d) actions are warranted only when necessary "to prevent a grave miscarriage of justice." United States v. Beggerly, 524 U.S. 38, 47 (1998).

Here, the district court construed the allegations in LinkCo's complaint to suggest possible "obstruction of discovery and witness perjury." LinkCo, Inc. v. Akikusa, 615 F. Supp. 2d 130, 137 (S.D.N.Y. 2009). It concluded that such allegations indicated "a fraud upon a single litigant – LinkCo – rather than a fraud upon the Court and . . . [could not] proceed under Rule 60(d)(3)." Id. at 136. This conclusion does not manifest an "erroneous view of the law or . . . the evidence," In re Sims, 534 F.3d 117, 132 (2d Cir. 2008) (internal quotation marks omitted), sufficient to support a finding that the district court abused its discretion. In Gleason v. Jandrucko, we observed that "neither perjury nor nondisclosure, by itself, amounts to anything more than fraud involving injury to a single litigant." 860 F.2d at 560. Thus, we cannot conclude that the district court's decision not to entertain LinkCo's Rule 60(d) claim for fraud falls outside "the range of permissible decisions." In re Sims, 534 F.3d at 132 (internal quotation marks omitted).

LinkCo's contention that the district court abused its discretion in finding LinkCo's claim for equitable relief barred by laches is equally unavailing. The complaint alleges that in a September 22, 2005 presentation entitled "A Conspiracy to Flaunt American Justice By Foreign Executives Right Inside [U.S.] Federal Court," LinkCo outlined for Fujitsu director Ikujiro Nonaka facts then in its possession indicating Fujitsu's concealment of the full extent of its use of LinkCo's technology and its understatement of the resulting damages. Given

4

the alleged content of the presentation, we identify no abuse of discretion in the district court's determination that LinkCo's failure to commence suit until three years later demonstrated a lack of diligence precluding any claim for equitable relief. Although LinkCo suggests that the timeliness of its Rule 60 claim should be determined by reference to New York's six-year statute of limitations for fraud, see N.Y. C.P.L.R. § 213(8), this argument is wholly without merit. "Rule 213(8) governs the time for filing tort claims of fraud under state law, not the time for filing motions to vacate federal judgments due to fraud." King v. First Am. Investigations, Inc., 287 F.3d 91, 94 (2d Cir. 2002).

LinkCo's contention that it "could not have discovered the fraud perpetrated by Fujitsu until after 2006, when it finally obtained the inoperable hard drive[] from Kanda," Appellant's Br. at 33, is not convincing given the 2005 presentation, see Rite Aid Corp. v. Grass, 48 A.D.3d 363, 364, 854 N.Y.S.2d 1, 2 (1st Dep't 2008) (noting that "the time a reasonably diligent plaintiff could have discovered . . . fraud turns upon whether a person of ordinary intelligence possessed knowledge of facts from which the fraud could be reasonably inferred" (internal quotation marks omitted)); cf. Rothman v. Gregor, 220 F.3d 81, 96-97 (2d Cir. 2000) (noting that statute of limitations on alleged securities fraud claims begins to run when reasonable investor, in exercise of reasonable diligence, should have discovered facts underlying alleged fraud). In any event, LinkCo waited more than two years after obtaining the hard drive to commence suit. LinkCo seeks to excuse its delay by noting that forensic experts had to restore the inoperable hard drive and recover some 100,000 deleted files, many of which had to be translated from Japanese to English and all of which had to be

5

reviewed. As the district court observed, however, much of the information so obtained only duplicated that already possessed by LinkCo. We are thus not persuaded on the totality of the record that the district court abused its discretion in finding a lack of diligent pursuit of rights, and we affirm its dismissal of the claim for equitable relief.[2] See Motorola Credit Corp. v. Uzan, 561 F.3d 123, 127 n.3 (2d Cir. 2009) (allowing affirmance on any ground appearing in record).

We have considered LinkCo's remaining arguments and conclude that they are without merit. Accordingly, the March 15, 2009 order of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

---

[2] By failing to raise the issue in its opening brief, LinkCo waived its argument that Fujitsu's unclean hands prevent Fujitsu from asserting a laches defense. See Thomas v. Roach, 165 F.3d 137, 145-46 (2d Cir. 1999) (holding argument first raised in reply brief waived).