# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1292**

**CA 12-00982**

PRESENT: SCUDDER, P.J., CENTRA, VALENTINO, WHALEN, AND MARTOCHE, JJ.

---

RONALD M. FELIX AND FELIX ENTERPRISES, INC.,
PLAINTIFFS-RESPONDENTS,

V                                    MEMORANDUM AND ORDER

BRAND SERVICE GROUP LLC AND DAVID BRAND,
DEFENDANTS-APPELLANTS.

---

MICHAEL F. MCPARTLAN, GRAND ISLAND, FOR DEFENDANTS-APPELLANTS.

HARRIS BEACH PLLC, BUFFALO (RICHARD T. SULLIVAN OF COUNSEL), FOR
PLAINTIFFS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Erie County (John A.
Michalek, J.), entered August 2, 2011. The order granted the motion
of plaintiffs for a preliminary injunction.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Plaintiffs and defendants entered into an asset
purchase agreement for the purchase of an AAMCO franchise by
plaintiffs for $675,000. The parties executed a promissory note and
an escrow agreement, pursuant to which $250,000 was placed into an
escrow account at M&T Bank to ensure payment of any outstanding sales
tax liability. The New York State Department of Taxation and Finance
determined that defendants owed $115,860.84 to the State of New York,
which was paid from the escrow account, leaving a balance of
$134,139.16 in that account.

On March 25, 2011, plaintiffs commenced this action alleging
causes of action for rescission of the asset purchase agreement,
promissory note and escrow agreement, fraud, unjust enrichment, the
imposition of a constructive trust, an accounting, and any allowable
injunctive relief. Plaintiffs also moved by order to show cause for a
preliminary injunction preventing release of the remaining funds in
the escrow account to any party during the pendency of this action.
We conclude that Supreme Court did not abuse its discretion in
granting plaintiffs' motion.

Preliminary injunctions are proper with respect to the release of
funds in escrow where it is necessary to preserve the status quo
during the pendency of the litigation (*see Bashein v Landau*, 96 AD2d
479, 479). In order to establish its entitlement to a preliminary

injunction, the moving party bears the burden of demonstrating, by clear and convincing evidence, " '(1) a likelihood of ultimate success on the merits; (2) the prospect of irreparable injury if the provisional relief is withheld; and (3) a balance of equities tipping in the moving party's favor' " (*Destiny USA Holdings, LLC v Citigroup Global Mkts. Realty Corp.*, 69 AD3d 212, 216, quoting *Doe v Axelrod*, 73 NY2d 748, 750).

We conclude that plaintiffs met their burden with respect to the first prong of the test, i.e., a likelihood of ultimate success on the merits, with respect to the rescission and fraud causes of action. Plaintiffs submitted evidence that defendants misrepresented the amount of weekly gross receipts of the business, sold fraudulent warranties, underreported income by keeping two sets of financial records and provided plaintiffs with an inaccurate 2008 profit and loss statement.

Plaintiffs also met their burden with respect to the second prong of the test, i.e., whether there will be irreparable injury if the provisional relief is withheld. Plaintiffs submitted evidence that the funds in the escrow account, if dispersed, likely will not be recoverable due to defendants' precarious financial position. Indeed, they submitted evidence that defendant David Brand has various outstanding debts, including an outstanding tax liability of $115,860.84 to the State of New York, and that he was at risk of bankruptcy if he did not sell the AAMCO franchise.

Finally, we conclude that plaintiffs met their burden with respect to the third prong of the test, i.e., whether a balance of the equities tips in plaintiffs' favor. Such a balancing involves an inquiry whether "the irreparable injury to be sustained . . . is more burdensome [to the plaintiff] than the harm caused to defendant through imposition of the injunction" (*Destiny USA Holdings, LLC*, 69 AD3d at 223 [internal quotation marks omitted]). Here, the irreparable injury to plaintiffs is more burdensome than the harm caused to defendants through the imposition of the injunction. While defendants may be delayed in paying off debt or using the escrow money for other purposes, plaintiffs may never be able to recover the money, if disbursed, even if plaintiffs ultimately prevail in the underlying action.

Entered:  December 28, 2012                    Frances E. Cafarell
                                               Clerk of the Court