Appeal from a judgment and order (one paper) of the Supreme Court, Ontario County (John J. Ark, J.), entered March 7, 2012. *1376 The judgment and order granted defendant’s motion seeking dismissal of the complaint and summary judgment dismissing the complaint, and denied the cross motion of plaintiff for partial summary judgment on her first cause of action.
It is hereby ordered that the judgment and order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff, the ex-wife of decedent John R. Kennedy, commenced this action against decedent’s widow, individually and as executrix of decedent’s estate. Pursuant to the terms of a matrimonial stipulation between plaintiff and decedent, entered on November 15, 1990, plaintiff received, inter alia, a one-half interest in an individual retirement account (IRA) owned by decedent. That stipulation was thereafter incorporated into their judgment of divorce, entered March 1, 1991. Plaintiff alleges that she never received her one-half share of the IRA.
We conclude that Supreme Court properly granted defendant’s motion seeking dismissal of the complaint under CPLR 3211 and summary judgment dismissing the complaint under CPLR 3212, and properly denied plaintiffs cross motion for partial summary judgment on the first cause of action. The first cause of action, for enforcement of decedent’s obligation with respect to the IRA under the matrimonial stipulation and the judgment of divorce, is governed by the six-year statute of limitations set forth in CPLR 213 (1) and (2), not by the 20-year statute of limitations for an action to enforce a money judgment set forth in CPLR 211 (b) (see Tauber v Lebow, 65 NY2d 596, 598 [1985]; Woronoff v Woronoff, 70 AD3d 933, 934 [2010], lv denied 14 NY3d 713 [2010]). Thus, the first cause of action is untimely (see Woronoff, 70 AD3d at 934).
The second cause of action, alleging fraud, is also time-barred inasmuch as this action was commenced more than six years after the alleged fraud was committed and more than two years after plaintiff, acting with reasonable diligence, could have discovered the alleged fraud (see CPLR 213 [8]; see also CPLR 203 [g]; see generally Rite Aid Corp. v Grass, 48 AD3d 363, 364 [2008]). We note that plaintiff did not have to wait until decedent retired in order to obtain her share of his IRA; instead, she was immediately entitled to her half of that account. Thus, it should not have taken her approximately 20 years to realize that she did not receive her share of that asset.
Finally, the third cause of action, for unjust enrichment, is time-barred by the six-year statute of limitations set forth in CPLR 213 (1), which £<start[ed] to run upon the occurrence of the wrongful act giving rise to a duty of restitution” (Congrega *1377 tion Yetev Lev D’Satmar v 26 Adar N.B. Corp., 192 AD2d 501, 503 [1993]). In any event, with respect to that part of the unjust enrichment cause of action asserted against defendant individually, we conclude that, while it is not necessary for plaintiff to be in privity with defendant, their relationship is too attenuated to support that cause of action inasmuch as plaintiff and defendant “simply had no dealings with each other” (Georgia Malone & Co., Inc. v Rieder, 19 NY3d 511, 517-518 [2012]).
PresentCentra, J.P, Fahey, Carni, Lindley and Whalen, JJ.