Appeal from an order of the Supreme Court, Monroe County (Matthew A. Rosenbaum, J.), entered May 16, 2016. The order, among other things, granted plaintiff a preliminary injunction and denied the cross motion of defendants to dismiss the complaint.
 

 It is hereby ordered that the order so appealed from is unanimously affirmed without costs.
 

 Memorandum: Plaintiff is the lessee of property located at 2080 East Ridge Road in the Town of Irondequoit (property). Defendant Linda L. Kern acquired the property in 2008 and, in 2016, she sold it to defendant 2080 East Ridge Rd LLC. Plaintiff subsequently commenced this action seeking, inter alia, specific performance of a right of first refusal to purchase the property pursuant to a lease agreement executed in 1971 by the alleged predecessors in interest of plaintiff and Kern (1971 lease). Plaintiff alleges that, in March 2003, Kern’s predecessor in interest and plaintiff executed an “Extension of Lease” (March 2003 extension), which assigned the 1971 lease to plaintiff and extended the term of that lease. Plaintiff moved for, inter alia, a temporary restraining order and preliminary injunction enjoining defendants from altering or transferring the property, or taking any other action with respect to the property that may be adverse to plaintiffs interest during the pendency of this action. Defendants cross-moved for, inter alia, an order dismissing the complaint pursuant to CPLR 3211 (a) (1), (3) and (7) on the ground that plaintiff did not have a right of first refusal inasmuch as the 1971 lease is not the operable lease for the property, and that the March 2003 extension extended the term of a lease of the property dated March 27, 2003 (March 27, 2003 lease). Supreme Court, inter alia, granted that part of plaintiffs motion seeking a preliminary injunction and denied defendants’ cross motion. We affirm.
 

 We conclude that the court properly granted that part of plaintiffs motion seeking a preliminary injunction. “In order to prevail on a motion for a preliminary injunction, the moving party has the burden of demonstrating, by clear and convincing evidence, (1) a likelihood of success on the merits, (2) irreparable injury in the absence of injunctive relief, and (3) a balance of equities in its favor” (Eastman Kodak Co. v Carmosino, 77 AD3d 1434, 1435 [2010]; see John G. Ullman & Assoc., Inc. v BCK Partners, Inc., 139 AD3d 1358, 1358 [2016], lv dismissed 28 NY3d 943 [2016]).
 

 With respect to the first element, we conclude that plaintiff established by clear and convincing evidence that there was a likelihood of success on the merits with respect to whether the March 2003 extension was an agreement to extend the term of the 1971 lease. While the March 2003 extension does not specifically refer to the 1971 lease and does make reference to a lease dated March 27, 2003, plaintiff avers that the March 27, 2003 lease was never drafted, executed or recorded, and defendants were unable to locate a copy of the March 27, 2003 lease. Moreover, plaintiff submitted evidence that plaintiff and Kern acted with the understanding that the March 2003 extension extended the 1971 lease inasmuch as plaintiff made, and defendant Kern accepted, rental and tax payments in accordance with the terms of the 1971 lease, and Kern gave plaintiff notice of the bona fide offer to purchase the property, as required under the right of first refusal clause found in the 1971 lease.
 

 We further conclude that plaintiff established by clear and convincing evidence that it will be irreparably harmed in the absence of injunctive relief. We reject defendants’ contention that the court improperly considered evidence submitted in plaintiff’s reply papers with respect to that issue (see Ryan Mgt. Corp. v Cataffo, 262 AD2d 628, 630 [1999]). In its moving papers, plaintiff submitted evidence that it leased the property for several years with the understanding that the 1971 lease, which included a right of first refusal clause, was in effect. Plaintiff also submitted evidence that it exercised its right of first refusal pursuant to the terms of the 1971 lease. It was only after defendants submitted their opposition to plaintiff’s motion that plaintiff became aware that defendants contended that the 1971 lease was inoperative. In reply, plaintiff made a “direct response to [the] allegations raised by . . . defendant [s] in [their] opposition papers” (id.), by asserting that it had previously attempted to purchase the property but that its offer was rejected, and that it had been waiting to purchase the property pursuant to the right of first refusal clause in the 1971 lease because the property is unique, has a prime location and holds value to the family of plaintiffs members.
 

 With respect to the third element, we conclude that the balance of equities favors granting that part of plaintiff’s motion seeking a preliminary injunction (see Felix v Brand Serv. Group LLC, 101 AD3d 1724, 1726 [2012]). Although defendants may suffer a delay in altering or transferring the property should they prevail on the merits, plaintiff’s interest will be permanently affected if the property is altered or transferred while this action is pending.
 

 Finally, we conclude that the court properly denied defendants’ cross motion to dismiss the complaint (see generally EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19 [2005]).
 

 Present — Whalen, P.J., Peradotto, Lindley, NeMoyer and Curran, JJ.