Beacon Estates, LLC v Ingrassia (2019 NY Slip Op 08042)





Beacon Estates, LLC v Ingrassia


2019 NY Slip Op 08042


Decided on November 8, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, DEJOSEPH, AND CURRAN, JJ.


967 CA 19-00541

[*1]BEACON ESTATES, LLC, AND THE ESTATE OF DANIEL P. CAPPA, SR., PLAINTIFFS-APPELLANTS,
v
ANGELO INGRASSIA, 1612 RIDGE ROAD, LLC, L.A. FITNESS INTERNATIONAL, LLC, AGREE ROCHESTER NY, LLC, AND COUNTY OF MONROE INDUSTRIAL DEVELOPMENT CORPORATION, DEFENDANTS-RESPONDENTS. 






MICHAEL STEINBERG, ROCHESTER, FOR PLAINTIFFS-APPELLANTS. 
LECLAIR KORONA COLE LLP, ROCHESTER (JEREMY M. SHER OF COUNSEL), FOR DEFENDANTS-RESPONDENTS ANGELO INGRASSIA AND 1612 RIDGE ROAD, LLC.
CULLEN AND DYKMAN LLP, GARDEN CITY (SCOTT D. GREENSPAN OF COUNSEL), FOR DEFENDANT-RESPONDENT L.A. FITNESS INTERNATIONAL, LLC.
GOLDBERG SEGALLA LLP, BUFFALO (MARC W. BROWN OF COUNSEL), FOR DEFENDANT-RESPONDENT AGREE ROCHESTER NY, LLC.
HARRIS BEACH PLLC, PITTSFORD (ANNA PATTON OF COUNSEL), FOR DEFENDANT-RESPONDENT COUNTY OF MONROE INDUSTRIAL DEVELOPMENT CORPORATION. 


 Appeal from an order and judgment (one paper) of the Supreme Court, Monroe County (Matthew A. Rosenbaum, J.), entered November 7, 2018. The order and judgment, among other things, granted the motions of defendants Angelo Ingrassia, 1612 Ridge Road, LLC, L.A. Fitness International, LLC, and Agree Rochester NY, LLC, to dismiss plaintiffs' amended complaint and dismissed the amended complaint in its entirety. 
It is hereby ORDERED that the order and judgment so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiffs commenced this action seeking damages and declaratory relief associated with an agreement entered into in 2007 between decedent Daniel P. Cappa, Sr., as the sole member of plaintiff Beacon Estates, LLC (Beacon), and defendant Angelo Ingrassia, as the sole member of defendant 1612 Ridge Road, LLC. The instant action was commenced in 2017, and the amended complaint asserted causes of action sounding in, inter alia, breach of contract and fraud. Of particular importance on this appeal, the fraud causes of action were based on, inter alia, the execution of a document in 2007 between Cappa and Ingrassia whereby a permanent easement that allowed access to Beacon's property by ingress and egress over property owned by 1612 Ridge Road, LLC was extinguished and replaced by a temporary easement. Plaintiffs alleged that Ingrassia misrepresented the contents of the 2007 document and exploited a personal relationship with Cappa to induce him into signing the 2007 document. Plaintiffs further alleged that, in October 2012, one of Cappa's sons accompanied Cappa to a meeting with Ingrassia, during which Ingrassia indicated that Cappa's easement was abandoned. Cappa questioned why the easement was abandoned, and Ingrassia told Cappa not to do anything until Ingrassia completed the sale of the property owned by 1612 Ridge Road, LLC. In 2013, 1612 Ridge Road, LLC sold its property to defendant Agree Rochester NY, LLC. Defendant L.A. Fitness International, LLC is a lessee of that property and operates a business thereon.
In separate motions, Ingrassia and 1612 Ridge Road, LLC, L.A. Fitness International, LLC, and Agree Rochester NY, LLC (collectively, defendants) moved to dismiss the amended complaint against them contending, inter alia, that it was time-barred (see CPLR 3211 [a] [5]). As limited by their brief, plaintiffs appeal from an order and judgment insofar as it granted defendants' motions with respect to the second, fourth, and fifth causes of action in the amended complaint, sounding in breach of contract and fraud. We affirm.
Contrary to plaintiffs' contention, Supreme Court properly granted defendants' motions with respect to the fraud causes of action. The statute of limitations for fraud is "the greater of six years from the date the cause of action accrued or two years from the time the plaintiff[s] . . . discovered the fraud, or could with reasonable diligence have discovered it" (CPLR 213 [8]; see Boardman v Kennedy, 105 AD3d 1375, 1376 [4th Dept 2013]; Rite Aid Corp. v Grass, 48 AD3d 363, 364 [1st Dept 2008]). Here, defendants established that the action was commenced more than six years from the dates of the alleged acts of fraud, thus "shifting the burden to plaintiffs to show that the two-year discovery exception applies" (Brooks v AXA Advisors, LLC [appeal No. 2], 104 AD3d 1178, 1180 [4th Dept 2013], lv denied 21 NY3d 858 [2013]). We conclude that the court properly determined that plaintiffs "possessed knowledge of facts from which they reasonably could have discovered the alleged fraud soon after it occurred, and in any event more than two years prior to the commencement of the action" (id.; see CIFG Assur. N. Am., Inc. v Credit Suisse Sec. [USA] LLC, 128 AD3d 607, 608 [1st Dept 2015], lv denied 27 NY3d 906 [2016]; Boardman, 105 AD3d at 1376).
We similarly reject plaintiffs' contention that the court erred in granting defendants' motions with respect to the breach of contract cause of action. That cause of action "accrued upon the alleged breach of contract by defendants, which occurred more than six years prior to the commencement of the action, regardless of whether the damage to plaintiffs was sustained later and plaintiffs were unaware of the breach at the time it occurred" (Brooks, 104 AD3d at 1180; see CPLR 213 [2]).
In light of our determination, plaintiffs' remaining contentions are academic.
Entered: November 8, 2019
Mark W. Bennett
Clerk of the Court