U.S. Bank N.A. v Brown (2020 NY Slip Op 04653)





U.S. Bank N.A. v Brown


2020 NY Slip Op 04653


Decided on August 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, NEMOYER, WINSLOW, AND BANNISTER, JJ.


309 CA 19-00644

[*1]U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR THE RMAC TRUST, SERIES 2016-CTT, PLAINTIFF-APPELLANT,
v
CHARLES A. BROWN, SUSAN L. BROWN, DEFENDANTS-RESPONDENTS, ET AL., DEFENDANTS. 






GROSS POLOWY, LLC, WESTBURY (TRACY FOURTNER OF COUNSEL), FOR PLAINTIFF-APPELLANT. 


 Appeal from an order of the Supreme Court, Chautauqua County (James H. Dillon, J.), entered December 6, 2018. The order granted the motion of defendants Charles A. Brown and Susan L. Brown to dismiss the complaint against them. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is denied, and the complaint against defendants Charles A. Brown and Susan L. Brown is reinstated.
Memorandum: Plaintiff commenced this mortgage foreclosure action alleging that Charles A. Brown and Susan L. Brown (defendants) defaulted in the payment of their mortgage, which had been assigned to plaintiff. In moving to dismiss the complaint against them, defendants contended that the action is barred by the six-year statute of limitations (see CPLR 213 [4]; see also CPLR 3211 [a] [5]), and Supreme Court granted the motion. We reverse.
In moving to dismiss the complaint on statute of limitations grounds, the defendant has "the initial burden of establishing prima facie that the time in which to sue has expired . . . , and thus [is] required to establish, inter alia, when the plaintiff's cause of action accrued" (Larkin v Rochester Hous. Auth., 81 AD3d 1354, 1355 [4th Dept 2011] [internal quotation marks omitted]; see Chaplin v Tompkins, 173 AD3d 1661, 1662 [4th Dept 2019]). If the defendant meets that burden, " the burden shifts to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or otherwise inapplicable, or whether the plaintiff actually commenced the action within the applicable limitations period' " (U.S. Bank N.A. v Gordon, 158 AD3d 832, 835 [2d Dept 2018]; see Carrington v New York State Off. for People With Dev. Disabilities, 170 AD3d 1495, 1496 [4th Dept 2019]; see also Siegel, NY Prac § 263 at 509 [6th ed 2018]).
We conclude that defendants met their initial burden on the motion. Where, as here, "a loan secured by a mortgage is payable in installments, separate causes of action accrue for each unpaid installment, and the statute of limitations begins to run on the date that each installment becomes due" (Wilmington Sav. Fund Socy., FSB v Unknown Heirs at Law of Danny Higdon, 161 AD3d 1559, 1559 [4th Dept 2018]). "Thus, unless the entire debt had been accelerated by the mortgage holder, on the date of a default the statute of limitations begins to run only for the installment payment that became due on that date" (id.). "If, however, the mortgage holder accelerates the entire debt by a demand, the six-year statute of limitations begins to run on the entire debt" (Wilmington Sav. Fund Socy., FSB v Gustafson, 160 AD3d 1409, 1410 [4th Dept 2018]). In addition, where, as here, " the acceleration . . . is made optional with the holder of the note and mortgage, some affirmative action must be taken evidencing the holder's election to take advantage of the accelerating provision, and until such action has been taken the provision [*2]has no operation' " (Wilmington Sav. Fund Socy., FSB v Fernandez, 179 AD3d 79, 81 [4th Dept 2019]).
In this case, defendants established, prima facie, that the present action is untimely inasmuch as " [t]he filing of [a] summons and complaint [in March 2010] seeking the entire unpaid balance of principal in [a] prior foreclosure action constituted a valid election by the plaintiff['s predecessor-in-interest] to accelerate the maturity of the debt,' " and plaintiff commenced the present action in April 2018, more than six years after the statute of limitations began to run (U.S. Bank N.A. v Balderston, 163 AD3d 1482, 1483-1484 [4th Dept 2018] [hereafter, Balderston]; see HSBC Bank, N.A. v Vaswani, 174 AD3d 514, 515 [2d Dept 2019], lv denied 35 NY3d 906 [2020]). Plaintiff's contention that defendants did not meet their initial burden because they "failed to submit certain documents is improperly raised for the first time on appeal" (Lowe's Home Ctrs., Inc. v Beachy's Equip. Co., Inc., 49 AD3d 1213, 1214 [4th Dept 2008], lv denied 10 NY3d 715 [2008]). "An issue may not be raised for the first time on appeal . . . where[, as here,] it could have been obviated or cured by factual showings or legal countersteps in the trial court" (id. at 1214 [internal quotation marks omitted]; see also AJMRT, LLC v Kern, 154 AD3d 1288, 1290 [4th Dept 2017]; Ryan Mgt. Corp. v Cataffo, 262 AD2d 628, 630 [2d Dept 1999]).
We nevertheless agree with plaintiff that its submissions in opposition to the motion raised a question of fact whether the present action was timely commenced. It is well settled that "[a] lender may revoke its election to accelerate the mortgage, [although] it must do so by an affirmative act of revocation occurring during the six-year statute of limitations period subsequent to the initiation of the prior foreclosure action" (Balderston, 163 AD3d at 1484 [internal quotation marks omitted]).
Here, plaintiff submitted evidence that its predecessor in interest mailed letters to defendants in January 2016, i.e., before the statute of limitations expired, revoking the prior acceleration of the mortgage. As plaintiff correctly contends, the evidence, including an affidavit of mailing, established that the letters were properly mailed to defendants at their address, thereby giving rise to the presumption that the letters were received by defendants (see Hertz Vehs. LLC v Significant Care, PT, P.C., 157 AD3d 600, 601 [1st Dept 2018]; Residential Holding Corp. v Scottsdale Ins. Co., 286 AD2d 679, 680 [2d Dept 2001]). Defendants' unsubstantiated denial of receipt was "insufficient to rebut the presumption of proper service at the address where all notices under the mortgage were to be sent" (Bank of N.Y. v Espejo, 92 AD3d 707, 708 [2d Dept 2012]; see Sansone v Cavallaro, 284 AD2d 817, 818 [3d Dept 2001]). Moreover, on the limited record before us, we conclude that language of the letters and the surrounding circumstances raised a question of fact whether plaintiff's predecessor in interest validly revoked the prior acceleration of the mortgage and, thus, whether the present action was timely commenced (see generally Wells Fargo Bank, N.A. v Portu, 179 AD3d 1204, 1206-1207 [3d Dept 2020]; Milone v US Bank N.A., 164 AD3d 145, 152-154 [2d Dept 2018], lv dismissed 34 NY3d 1009 [2019]).
Entered: August 20, 2020
Mark W. Bennett
Clerk of the Court