Rider v Rainbow Mobile Home Park, LLP (2021 NY Slip Op 01649)





Rider v Rainbow Mobile Home Park, LLP


2021 NY Slip Op 01649


Decided on March 19, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, TROUTMAN, BANNISTER, AND DEJOSEPH, JJ.


956 CA 19-01846

[*1]PAMELA L. RIDER, PLAINTIFF-RESPONDENT,
v
RAINBOW MOBILE HOME PARK, LLP, ET AL., DEFENDANTS, AND HOMETTE CORPORATION, DEFENDANT-APPELLANT. 






THORN GERSHON TYMANN AND BONANNI, LLP, ALBANY (BRIAN P. HENCHY OF COUNSEL), FOR DEFENDANT-APPELLANT. 
STAMM LAW FIRM, WILLIAMSVILLE (BRIAN G. STAMM OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Emilio L. Colaiacovo, J.), entered September 30, 2019. The order, insofar as appealed from, denied in part the motion of defendant Homette Corporation to dismiss the amended complaint against it. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting that part of the motion seeking dismissal of the negligence cause of action against defendant Homette Corporation except insofar as it alleges that Homette Corporation performed negligent repairs on or about January 27, 2017, and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action asserting, inter alia, a cause of action for negligence alleging that Homette Corporation (defendant) negligently designed, manufactured, constructed, and repaired a house that plaintiff bought through a third party. In lieu of answering, defendant moved to dismiss the amended complaint against it, asserting among its grounds that the negligence cause of action was time-barred by the three-year statute of limitations (see CPLR 214 [4]). On appeal, defendant contends that Supreme Court erred in denying that part of the motion seeking dismissal of the negligence cause of action against it.
On a motion to dismiss pursuant to CPLR 3211 (a) (5) on statute of limitations grounds, the defendant has the initial burden of establishing that the limitations period has expired (see Chaplin v Tompkins, 173 AD3d 1661, 1662 [4th Dept 2019]; Collins v Davirro, 160 AD3d 1343, 1343-1344 [4th Dept 2018]). Here, defendant met its burden of establishing that the three-year limitations period had expired. Plaintiff commenced this action on March 14, 2019, and thus any claims arising from injury that occurred prior to March 14, 2016, are time-barred (see Brooks v AXA Advisors, LLC [appeal No. 2], 104 AD3d 1178, 1180 [4th Dept 2013], lv denied 21 NY3d 858 [2013]). Although the date or dates of injury are not evident from the face of the amended complaint, defendant's submission in support of the motion established that the last date on which its agent or agents attempted repairs was June 1, 2015, thereby establishing that the three-year limitations period had expired by the time plaintiff commenced the action (see Franqui v Korol, 154 AD3d 742, 743 [2d Dept 2017]).
The burden then shifted to plaintiff to " 'aver evidentiary facts' . . . 'establishing that the statute of limitations has not expired, that it is tolled, or that an exception to the statute of limitations applies' " (Arnell Constr. Corp. v New York City Sch. Constr. Auth., 186 AD3d 543, 543-544 [2d Dept 2020]). Plaintiff met that burden by submitting an affidavit in which she averred that an employee of defendant attempted repairs to the house on January 27, 2017—within the applicable limitations period—when he "went underneath the house and disassembled sections of the underbelly . . . and improperly reassembled those sections leaving them in a worse condition than when he arrived" (see U.S. Bank N.A. v Brown, 186 AD3d 1038, [*2]1040 [4th Dept 2020]). However, plaintiff failed to raise a question of fact whether the statute of limitations had expired with respect to her claims of negligent design, manufacture, or construction, and the court thus erred in denying that part of the motion seeking dismissal of those claims (see Loscalzo v 507-509 President St. Tenants Assn. Hous. Dev. Fund Corp., 153 AD3d 614, 616 [2d Dept 2017], lv denied 30 NY3d 905 [2017]). We therefore modify the order by granting that part of the motion seeking dismissal of the negligence cause of action against defendant except insofar as it alleges that defendant performed negligent repairs on or about January 27, 2017.
Defendant's contention that the claims of negligent design and manufacture are barred by the economic loss doctrine (see generally Bocre Leasing Corp. v General Motors Corp. [Allison Gas Turbine Div.], 84 NY2d 685, 693 [1995]) is academic.
We reject defendant's further contention that the claim of negligent repair is barred by documentary evidence, i.e., service records documenting defendant's efforts to repair the home, an affidavit of defendant's service manager, and certain in-court remarks by counsel for a codefendant. A motion to dismiss pursuant to CPLR 3211 (a) (1) may be granted "only where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]; see Lots 4 Less Stores, Inc. v Integrated Props., Inc., 152 AD3d 1181, 1182 [4th Dept 2017]). "Documentary evidence 'must be unambiguous, authentic, and undeniable' " (Porat v Rybina, 177 AD3d 632, 633 [2d Dept 2019]; see VXI Lux Holdco S.A.R.L. v SIC Holdings, LLC, 171 AD3d 189, 193 [1st Dept 2019]). Examples of documentary evidence are judicial records, contracts, deeds, wills, and mortgages, but not affidavits or deposition testimony (see Amsterdam Hospitality Group, LLC v Marshall-Alan Assoc., Inc., 120 AD3d 431, 432 [1st Dept 2014]; see Porat, 177 AD3d at 633). Here, the only documents that arguably qualify as "documentary" within the meaning of CPLR 3211 (a) (1) are the service records. Those records refute plaintiff's allegations only if we accept them to be a complete record of all repairs made by defendant at the house; however, we cannot say whether the service records are complete without consulting the affidavit of defendant's service manager, which is not documentary evidence (see Amsterdam Hospitality Group, LLC, 120 AD3d at 432). Thus, we conclude that the documents submitted in support of defendant's motion " 'failed to utterly refute . . . plaintiff's allegations or conclusively establish a defense as a matter of law' " (Lots 4 Less Stores, Inc., 152 AD3d at 1183).
Entered: March 19, 2021
Mark W. Bennett
Clerk of the Court