Ray-Roseman v Lippes Mathias Wexler Friedman, LLP (2021 NY Slip Op 04841)





Ray-Roseman v Lippes Mathias Wexler Friedman, LLP


2021 NY Slip Op 04841


Decided on August 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, TROUTMAN, BANNISTER, AND DEJOSEPH, JJ.


531 CA 20-01473

[*1]DEBORAH ANN RAY-ROSEMAN, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF RONALD L. ROSEMAN, DECEASED, DEBORAH ANN RAY-ROSEMAN AND MICHAEL K. RAY, AS SUCCESSORS AND CO-TRUSTEES OF THE RONALD L. ROSEMAN REVOCABLE TRUST DATED DECEMBER 8, 2004, ITS SUCCESSORS AND OR ASSIGNS, 5380 FRONTIER AVENUE ENERGY CO., LLC, AND FLORIDA ASSET VENTURES, LLC, PLAINTIFFS-APPELLANTS,
v
LIPPES MATHIAS WEXLER FRIEDMAN, LLP, ALAN S. WEXLER, PAUL F. WELLS, THOMAS J. GAFFNEY, DEFENDANTS-RESPONDENTS, ET AL., DEFENDANT. 






MICHAELS & SMOLAK, P.C., AUBURN (MICHAEL G. BERSANI OF COUNSEL), FOR PLAINTIFFS-APPELLANTS.
ADDELMAN CROSS & BALDWIN, PC, BUFFALO (JESSE B. BALDWIN OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered November 4, 2020. The order, insofar as appealed from, granted that part of the motion of defendants-respondents seeking to dismiss plaintiffs' claim for legal malpractice with respect to a 2014 loan transaction. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, that part of the motion of defendants-respondents with respect to the legal malpractice claim insofar as that claim is predicated on the 2014 loan transaction is denied, and that claim against defendants-respondents is reinstated to that extent.
Memorandum: Plaintiffs commenced this action against defendants-respondents (defendants) alleging, inter alia, legal malpractice arising from their representation of plaintiffs with respect to a 2014 business loan transaction and subsequent foreclosure litigation. Thereafter, defendants moved, inter alia, to dismiss as time-barred the legal malpractice claim against them insofar as it is predicated on the 2014 loan transaction. Plaintiffs, as limited by their brief, appeal from an order insofar as it granted defendants' motion to that extent, and we now reverse the order insofar as appealed from.
Ronald L. Roseman, who resided in Florida prior to his death, was advised by his Florida attorney about a business opportunity that involved him investing in a struggling power plant in Niagara Falls, New York. Defendants were engaged as New York counsel in June 2014 to prepare loan documents between the Ronald L. Roseman Revocable Trust (Roseman Trust) and the borrowers, who were owners and officers of the power plant. In July 2015, the borrowers defaulted on the loan. In August 2015, defendants commenced a foreclosure action on behalf of the Roseman Trust in Supreme Court, Niagara County, and represented the Roseman Trust until sometime in August 2016.
The statute of limitations for a legal malpractice claim is three years (see CPLR 214 [6]; McCoy v Feinman, 99 NY2d 295, 301 [2002]). Here, plaintiffs correctly concede that defendants [*2]met their initial burden of establishing that the malpractice claim insofar as it related to the 2014 loan transaction was commenced beyond the three-year statute of limitations (see generally Rider v Rainbow Mobile Home Park, LLP, 192 AD3d 1561, 1561-1562 [4th Dept 2021]; U.S. Bank N.A. v Brown, 186 AD3d 1038, 1039 [4th Dept 2020]). Thus, the burden shifted to plaintiffs to raise a triable issue of fact whether "the statute of limitations was tolled or otherwise inapplicable, or whether . . . plaintiff[s] actually commenced the action within the applicable limitations period" (U.S. Bank N.A., 186 AD3d at 1039 [internal quotation marks omitted]; see generally Rider, 192 AD3d at 1562).
We conclude that plaintiffs, in opposition, raised a triable issue of fact whether the continuous representation doctrine applied to toll the statute of limitations with respect to the malpractice claim insofar as it related to the 2014 loan transaction (see generally Carbone v Brenizer, 148 AD3d 1806, 1807 [4th Dept 2017]). The continuous representation doctrine tolls the limitations period "where there is a mutual understanding of the need for further representation on the specific subject matter underlying the malpractice claim" (McCoy, 99 NY2d at 306), and " 'where the continuing representation pertains specifically to [that] matter' " (International Electron Devices [USA] LLC v Menter, Rudin & Trivelpiece, P.C., 71 AD3d 1512, 1513 [4th Dept 2010], quoting Shumsky v Eisenstein, 96 NY2d 164, 168 [2001]). Here, plaintiffs submitted communication between the Florida attorney and defendants in which the Florida attorney indicated that defendants' role as New York counsel included "enforcement" of the 2014 loan transaction documents. Moreover, the 2014 loan transaction and the foreclosure proceedings were close in time, as evidenced by plaintiffs' submission of defendants' supplemental billing invoices for legal services, which demonstrated a representation from the loan transaction to the foreclosure proceeding without a break. Thus, we conclude that questions of fact exist regarding the extent of defendants' representation of plaintiffs and, more specifically, whether "enforcement" of the loan documents contemplated a continued representation until the loan was paid in full and the transaction completed.
In light of our determination, we need not reach plaintiffs'
remaining contention.
Entered: August 26, 2021
Mark W. Bennett
Clerk of the Court