Matter of Reich (2022 NY Slip Op 04446)

Matter of Reich

2022 NY Slip Op 04446

Decided on July 8, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 8, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, CURRAN, AND BANNISTER, JJ.

312 CA 21-01022

[*1]WILLIAM Z. REICH, DECEASED. - ERIC REICH AND JUSTIN REICH, PETITIONERS-RESPONDENTS; CATHARINE M. VENZON, EXECUTOR OF THE ESTATE OF WILLIAM Z. REICH, DECEASED, RESPONDENT-APPELLANT. 

RICHARD T. SULLIVAN, PLLC, BUFFALO (RICHARD T. SULLIVAN OF COUNSEL), FOR RESPONDENT-APPELLANT. 
LIPPES MATHIAS LLP, BUFFALO (THOMAS J. GAFFNEY OF COUNSEL), FOR PETITIONERS-RESPONDENTS. 

 Appeal from an order of the Surrogate's Court, Erie County (Acea M. Mosey, S.), entered June 16, 2021. The order denied the motions of respondent to dismiss the claims of petitioners and dismissed the statute of limitations affirmative defenses. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the first affirmative defense in each answer is reinstated, the motions of respondent are granted and the claims of petitioners are dismissed.
Memorandum: William Z. Reich (decedent) and his sons, petitioners, formed a corporate entity together. In 2011, decedent removed funds from the corporate entity, and he later acknowledged that some of those funds belonged to petitioners. Decedent died in 2018 without returning the funds owed to petitioners. Decedent's Last Will and Testament was admitted to probate and provided that his entire estate was to be distributed to his wife, Catharine M. Venzon (respondent), who was named as executor of the estate. In 2019, petitioners each filed a claim against the estate seeking to recover his share of the funds that decedent had removed from the corporate entity. According to petitioners, they stated claims for unjust enrichment and money had and received. Respondent filed answers raising various affirmative defenses, including that the claims were barred by the statute of limitations, and later moved to dismiss the claims pursuant to CPLR 3211 (a) (5) on that basis. Surrogate's Court denied respondent's motions and dismissed the statute of limitations defenses. The Surrogate determined that, while petitioners' claims were subject to a six-year statute of limitations, decedent had acknowledged in sworn deposition testimony in 2014 that he owed petitioners the funds and that this acknowledgment restarted the running of the statute of limitations. The Surrogate concluded that because the claims were filed within the statute of limitations, measured from decedent's acknowledgment in 2014, the claims were timely. Respondent appeals, and we reverse.
Initially, respondent contends that the allegations in petitioners' claims do not state a claim for unjust enrichment. We reject that contention (see generally Van Scoter v Porter, 193 AD3d 1401, 1402 [4th Dept 2021]). We agree with respondent, however, that the Surrogate erred in denying the motions. Respondent had the initial burden of establishing that petitioners' claims were barred by the statute of limitations (see SCPA 102; CPLR 3211 [a] [5]; see also U.S. Bank N.A. v Brown, 186 AD3d 1038, 1039 [4th Dept 2020]). "The time within which an action must be commenced, except as otherwise expressly prescribed, shall be computed from the time the cause of action accrued to the time the claim is interposed" (CPLR 203 [a]). Thus, respondent was required to establish, inter alia, when petitioners' claims accrued (see generally [*2]U.S. Bank N.A., 186 AD3d at 1039).
Regarding the claims for unjust enrichment, we conclude that, even assuming, arguendo, that those claims were each subject to a
six-year statute of limitations (see CPLR 213 [1]; Matter of Trombley, 137 AD3d 1641, 1642-1643 [4th Dept 2016]; Boardman v Kennedy, 105 AD3d 1375, 1376 [4th Dept 2013]), respondent established that the claims were not commenced within six years from the accrual date. The statute of limitations for an unjust enrichment claim "starts to run upon the occurrence of the wrongful act giving rise to a duty of restitution" (Congregation Yetev Lev D'Satmar v 26 Adar N.B. Corp., 192 AD2d 501, 503 [2d Dept 1993]; see Boardman, 105 AD3d at 1376-1377). Here, that claim accrued when decedent removed the funds in 2011. Similarly, the claim for money had and received has a six-year statute of limitations, which also accrued on the date decedent withdrew the money in 2011 (see County of Niagara v Town of Royalton, 48 AD3d 1072, 1072 [4th Dept 2008]). Thus, the unjust enrichment and money had and received claims were time-barred by the time petitioners filed their claims in 2019.
Inasmuch as respondent met her initial burden, the burden shifted to petitioners to raise a question of fact whether the statute of limitations was tolled or otherwise inapplicable, or whether they actually commenced this proceeding within the applicable limitations period (see U.S. Bank N.A., 186 AD3d at 1039; Barry v Cadman Towers, Inc., 136 AD3d 951, 952 [2d Dept 2016], lv denied 28 NY3d 913 [2017]). Petitioners did not dispute that they failed to commence the claims within six years from the relevant accrual date, but rather asserted that the running of the statute of limitations started anew when decedent acknowledged the debt in 2014. The Surrogate accepted that argument and applied the principle that "[a]n acknowledgment will toll or restart the running of the applicable statute of limitations if it is in writing, recognizes the existence of the obligation and contains nothing inconsistent with an intent to honor the obligation" (Sullivan v Troser Mgt., Inc., 15 AD3d 1011, 1011-1012 [2005]; see General Obligations Law § 17—101).
The tolling provision that the Surrogate relied on is General Obligations Law § 17—101. That provision states, in pertinent part, that "[a]n acknowledgment or promise contained in a writing signed by the party to be charged thereby is the only competent evidence of a new or continuing contract whereby to take an action out of the operation of the provisions of limitations of time for commencing actions under the civil practice law and rules." Here, petitioners did not allege that they had a contract with decedent; rather, they alleged claims sounding in quasi-contract, which is "not [a] contract[] at all" (Bradkin v Leverton, 26 NY2d 192, 196 [1970]; see generally Sweetman v Suhr, 159 AD3d 1614, 1615 [4th Dept 2018], lv denied 31 NY3d 913 [2018]; Pelusio Canandaigua, LLC v Genesee Regional Bank, 145 AD3d 1557, 1558 [4th Dept 2016]). Thus, General Obligations Law § 17—101, which applies only where there is "competent evidence of a new or existing contract," does not apply here. We therefore conclude that petitioners failed to raise a question of fact in opposition to respondent's motions.
Entered: July 8, 2022
Ann Dillon Flynn
Clerk of the Court