Jackson v Goodfellas Pizzeria, Inc. (2024 NY Slip Op 06454)

Jackson v Goodfellas Pizzeria, Inc.

2024 NY Slip Op 06454

Decided on December 20, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, OGDEN, DELCONTE, AND HANNAH, JJ.

787 CA 24-00117

[*1]SANDRA JACKSON, PLAINTIFF-APPELLANT,
v
GOODFELLAS PIZZERIA, INC., LAWRENCE S. VILARDO, "ABC" AND "XYZ", DEFENDANTS-RESPONDENTS. 

MARK D. GROSSMAN, NIAGARA FALLS, FOR PLAINTIFF-APPELLANT. 

 Appeal from an order of the Supreme Court, Niagara County (Frank A. Sedita, III, J.), entered June 27, 2023. The order granted the motion of defendants Goodfellas Pizzeria, Inc., and Lawrence S. Vilardo to dismiss the complaint against them. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is denied, and the complaint against defendants Goodfellas Pizzeria, Inc. and Lawrence S. Vilardo is reinstated.
Memorandum: Plaintiff commenced this personal injury action seeking to recover damages allegedly sustained in a slip and fall on June 8, 2018. Goodfellas Pizzeria, Inc. and Lawrence S. Vilardo (collectively, defendants) moved pursuant to, inter alia, CPLR 3211 (a) (5) to dismiss the complaint against them as time-barred. Supreme Court determined that the complaint was time-barred and granted the motion. Plaintiff now appeals. We reverse.
"On a motion to dismiss pursuant to CPLR 3211 (a) (5) on statute of limitations grounds, the defendant has the initial burden of establishing that the limitations period has expired" (Rider v Rainbow Mobile Home Park, LLP, 192 AD3d 1561, 1561-1562 [4th Dept 2021]). Once a defendant meets that initial burden, the burden shifts "to plaintiff to aver evidentiary facts . . . establishing that the statute of limitations has not expired, that it is tolled, or that an exception to the statute of limitations applies" (id. at 1562 [internal quotation marks omitted]).
Here, defendants met their burden of establishing that the limitations period had expired. Pursuant to CPLR 214 (5), a three-year statute of limitations applies to non-specified personal injury causes of action, such as the one here. Plaintiff's cause of action accrued on June 8, 2018, the date of plaintiff's alleged fall, and plaintiff did not commence this action until June 17, 2021 (see Harden v Weinraub, 221 AD3d 1460, 1461 [4th Dept 2023]).
In response, however, plaintiff established that the statute of limitations was tolled. On March 20, 2020, then-Governor Andrew Cuomo issued Executive Order (A. Cuomo) No. 202.8, which tolled "any specific time limit for the commencement, filing, or service of any legal action, notice, motion, or other process or proceeding, as prescribed by the procedural laws of the state, including but not limited to . . . the civil practice law and rules" (9 NYCRR 8.202.8). Then-Governor Cuomo issued a series of nine subsequent executive orders that extended the tolling period, eventually through November 3, 2020 (see Executive Order [A. Cuomo] Nos. 202.14 [9 NYCRR 8.202.14], 202.28 [9 NYCRR 8.202.28], 202.38 [9 NYCRR 8.202.38], 202.48 [9 NYCRR 8.202.48], 202.55 [9 NYCRR 8.202.55], 202.55.1 [9 NYCRR 8.202.55.1], 202.60 [9 NYCRR 8.202.60], 202.67 [9 NYCRR 8.202.67], 202.72 [9 NYCRR 8.202.72]). "A toll does not extend the statute of limitations indefinitely but merely suspends the running of the applicable statute of limitations for a finite and, in this instance, readily identifiable time period" (Chavez v Occidental Chem. Corp., 35 NY3d 492, 505 n 8 [2020], rearg denied 36 NY3d 962 [2021]). "[T]he period of the toll is excluded from the calculation of the time in which the plaintiff can commence an action" (id.; see Harden, 221 AD3d at 1462).
Here, 651 days of the 1,096-day limitation period had elapsed by the time the toll began on March 20, 2020. Upon the expiration of the toll on November 3, 2020, the remaining 445 days of the limitation period began to run again, expiring on January 22, 2022. Thus, the action was timely commenced on June 17, 2021 (see Bane v Lease-N-Save Corp., 228 AD3d 1245, 1247 [4th Dept 2024]; Harden, 221 AD3d at 1462; see also Murphy v Harris, 210 AD3d 410, 411 [1st Dept 2022]; Matter of Roach v Cornell Univ., 207 AD3d 931, 932-933 [3d Dept 2022]; Brash v Richards, 195 AD3d 582, 582 [2d Dept 2021]).
Entered: December 20, 2024
Ann Dillon Flynn
Clerk of the Court