# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

433

CA 10-02250

PRESENT: SMITH, J.P., FAHEY, PERADOTTO, LINDLEY, AND MARTOCHE, JJ.

---

EGW TEMPORARIES, INC., PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

RLI INSURANCE COMPANY, DEFENDANT-APPELLANT,
ET AL., DEFENDANT.
-----------------------------------------------
RLI INSURANCE COMPANY, THIRD-PARTY PLAINTIFF,

V

TITAN WRECKING & ENVIRONMENTAL, LLC AND LEBIS
ENTERPRISES, INC., THIRD-PARTY DEFENDANTS.
(APPEAL NO. 2.)

---

HARRIS BEACH PLLC, BUFFALO (RICHARD T. SULLIVAN OF COUNSEL), FOR
DEFENDANT-APPELLANT.

BLOCK & LONGO, P.C., BUFFALO (PHILIP A. MILCH OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (John M. Curran, J.), entered February 9, 2010. The judgment awarded plaintiff money damages against defendant RLI Insurance Company.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: In November 2002, the Buffalo Municipal Housing Authority (BMHA) contracted with third-party defendant Lebis Enterprises, Inc. (Lebis) for asbestos abatement (BMHA project). Lebis, as a general contractor on the BMHA project, subcontracted the work to defendant Enviroclean Services, LLC (Enviroclean), which in turn hired workers from plaintiff, a temporary employment service, to complete the work. It is undisputed that Enviroclean failed to pay plaintiff for its services and that defendant-third-party plaintiff RLI Insurance Company (RLI) issued a payment bond for the BMHA project to third-party defendant Titan Wrecking & Environmental, LLC (Titan) and not to Lebis. Plaintiff commenced this action against RLI, alleging, inter alia, that because of a mutual mistake the bond had been issued to Titan instead of Lebis, and plaintiff sought reformation of the bond accordingly. Following a nonjury trial, Supreme Court found in favor of plaintiff based on the theory of mutual mistake between RLI and Lebis and awarded plaintiff damages

against RLI in the amount of the balance owed to plaintiff for the services provided.  We affirm.

"A claim for reformation of a written agreement must be grounded upon either mutual mistake or fraudulently induced unilateral mistake" (*Greater N.Y. Mut. Ins. Co. v United States Underwriters Ins. Co.*, 36 AD3d 441, 443).  A mutual mistake exists where " 'the parties have reached an oral agreement and, unknown to either, the signed writing does not express that agreement' " (*id.,* quoting *Chimart Assoc. v Paul*, 66 NY2d 570, 573).  "When an error is not in the agreement itself, but in the instrument that embodies the agreement, 'equity will interfere to compel the parties to execute the agreement which they have actually made, rather than enforce the instrument in its mistaken form' " (*Hadley v Clabeau*, 161 AD2d 1141).  The party alleging that there is a mutual mistake must establish such mistake by clear and convincing evidence (*see Matter of Vadney*, 83 NY2d 885, 886-887; *see also* PJI 4:11).

Here, plaintiff established by the requisite clear and convincing evidence that RLI and Lebis and/or Titan intended to provide a bond for the BMHA project.  Indeed, the bond that was issued by RLI stated that it covered the BMHA project, the value of the bond corresponded to the value of the contract between Lebis and the BMHA, and the date on which the bond was issued corresponded to the timing of the BMHA's agreement with Lebis.  We thus conclude that Titan was named as the principal on the RLI bond by mutual mistake of the parties and that the court properly reformed the bond "to reflect that it is to benefit Lebis and not Titan . . . ."

We have examined RLI's remaining contentions and conclude that they lack merit.

Entered:  April 1, 2011                                    Patricia L. Morgan
                                                          Clerk of the Court