■ BRUNELLE & HADJIKOW, P.C., Respondent, v JAMES G. O'CALLAGHAN, Appellant. [6 NYS3d 49]—

Appeal from order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered on or about June 17, 2013, which granted plaintiff's motion for summary judgment, deemed appeal from judgment, same court and Justice, entered August 29, 2013, awarding plaintiff $157,662.46, plus 9% simple annual interest, and so considered, said judgment unanimously affirmed, with costs.

In this action to recover legal fees, plaintiff law firm established its entitlement to judgment as a matter of law on its account stated claim by demonstrating that defendant received and retained the invoices without objection for a reasonable time and made partial payments thereon (*see Cohen Tauber Spievak & Wagner, LLP v Alnwick*, 33 AD3d 562, 562 [1st Dept 2006]; *Rosenberg Selsman Rosenzweig & Co. v Slutsker*, 278 AD2d 145 [1st Dept 2000]). Notably, after plaintiff performed extensive legal services for defendant, he made approximately thirty payments between April 2003 and October 2006, and agreed to pay the outstanding amount. In July 2007, defendant acknowledged that he owed the outstanding amounts, precluding his current objection to how the majority of the invoices were calculated.

In opposition to the motion, defendant failed to raise an issue of material fact. Defendant's letter, dated December 27, 2006, contained nonspecific and conclusory allegations and did

not comply with the retainer agreement's objection requirements. Accordingly, it was insufficient to defeat plaintiff's summary judgment motion (*Cohen*, 33 AD3d at 562).

Finally, defendant's argument that the motion court decided the motion before the deadline for submitting opposition papers is unavailing. Pursuant to court order, dispositive motions were to be made no later than 60 days after the note of issue was filed. This did not preclude either party from submitting motion papers prior to that time. Defendant did not suffer any prejudice as a result of his misunderstanding since he received two notices of motion and the court accepted his untimely opposition papers.

We have considered defendant's remaining contentions, and find them unavailing. Concur—Mazzarelli, J.P., DeGrasse, Richter and Clark, JJ.