Wagner Davis P.C.. Plaintiff-Respondent 
against
James Brady Jr., Jane Brady, James Catering Inc., Loft Eleven Incorporated d/b/a Loft Eleven, West Side Loft at 37th Street Inc., Defendants-Appellats.



Defendants appeal from two judgments of the Civil Court of the City of New York, New York County (Debra Rose Samuels, J.), entered September 25, 2013, after a jury trial, the first of which awarded plaintiff the principal sum of $25,801.41 against defendants James Brady Jr., James Catering Inc., Loft Eleven Incorporated d/b/a Loft Eleven, and West Side Loft at 37th Street Inc., and the second of which awarded plaintiff the principal sum of $25,264.77 against defendant James Brady Jr.




Per Curiam.
Judgments (Debra Rose Samuels, J.), each entered September 25, 2013, affirmed, with one bill of $25 costs.
A fair interpretation of the trial evidence supports the jury's finding that plaintiff proved its claim for legal fees based on an account stated. The trial evidence showed that defendant James Brady Jr. retained plaintiff law firm (1) on his own behalf, to represent him in an appeal of a decision rendered in an action regarding air rights to his residential cooperative apartment and (2) as principal of the corporate defendants and on his own behalf, with respect to three commercial nonpayment proceedings commenced against defendants. The evidence also showed that defendants received and retained plaintiff's invoices without proper objection for a reasonable time, and made partial payments on the sums due (see Brunelle & Hadjikow, P.C. v O'Callaghan, 126 AD3d 584 [2015], appeal dismissed 26 NY3d 975 [2015]; Moses & Singer v S & S Mach. Corp., 251 AD2d 271 [1998], lv denied 92 NY2d 1024 [1998]).
Defendants' claim that the legal fees were unreasonable is unavailing; "it is not necessary to establish the reasonableness of the fee since the client's act of holding the statement without objection will be construed as acquiescence as to its correctness" (Cohen Tauber Spievak & Wagner, LLP v Alnwick, 33 AD3d 562, 562—563 [2006] [internal quotation marks omitted], lv dismissed 8 NY3d 840 [2007]).
The trial court properly refused to charge the jury as to discharge "for cause." There was [*2]insufficient evidence to support a finding that plaintiff engaged in misconduct, failed to prosecute defendants' cases diligently, or otherwise improperly handled the cases or committed malpractice (see Coccia v Liotta, 70 AD3d 747, 757 [2010], lv dismissed 15 NY3d 767 [2010]). Defendants essentially pointed to so-called errors of counsel which were, in fact, strategic choices which cannot support a discharge for cause (see Doviak v Finkelstein & Partners, LLP, 90 AD3d 696, 699-700 [2011]). Defendants' claim that attorneys other than Steven Wagner and Stuart Klein personally performed work in the two matters is unavailing, since the governing retainer agreements do not specify that any particular attorney will handle the cases; and defendants, who were aware from the itemized bills that other attorneys were working on the matter, regularly made payments (see Bixby v Somerville, 62 AD3d 1137, 1139 [2009]).
We have considered defendants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur 
Decision Date: March 30, 2016