■ ROBERT HERZOG, Appellant, v THE NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS PENSION FUND et al., Respondents. [36 NYS3d 128]—

Order, Supreme Court, New York County (Cynthia S. Kern, J.), entered September 10, 2015, which granted the benefit fund defendants' (the funds) and the union defendant's (the union) motions to dismiss the complaint as against them unanimously reversed, on the law, without costs, the motions denied, and plaintiff granted leave to amend the complaint.

The funds provide pension, welfare, annuity, and apprenticeship benefits to their participants who work under collective bargaining agreements between the union and various employers. Plaintiff, designated as an arbitrator of disputes in which the union and the funds are parties, alleges that his rates were determined and that he was paid pursuant to a "protocol" wherein he performed his duties as arbitrator, sent his invoices, as instructed by defendants, to an umbrella administrator organization for the funds and union, and received payments. Plaintiff provides copies of some invoices he submitted to the umbrella entity referencing the funds, the union, the date and nature of the arbitration work performed on their behalf, and the relevant payment stubs. Plaintiff alleges that defendants failed to pay 33 invoices he tendered to them through the umbrella entity between April 2010 and April 2012. These allegations, along with the paid invoices, are sufficient to state a cause of action against the funds and the union for breach of an oral or implied contract (*see Coca-Cola Refreshments, USA, Inc. v Binghamton Giant Mkts., Inc.*, 127 AD3d 1319, 1320-1321 [3d Dept 2015]; *Law Offs. of K.C. Okoli, P.C. v Maduegbuna*, 62 AD3d 477 [1st Dept 2009], *lv dismissed* 13 NY3d 771 [2009]; *see also Liddle & Robinson v Shoemaker*, 276 AD2d 335, 336 [1st Dept 2000]).

Plaintiff also alleges that he sent several invoices to defendants through the umbrella entity, that his invoices were received and retained without objection within a reasonable time, that partial payments were made, and that defendants then stopped paying. He alleges that he engaged in this practice at the instruction of defendants and with regularity (*see Roth Law Firm, PLLC v Sands*, 82 AD3d 675, 676 [1st Dept 2011]). These allegations state a cause of action against defendants for an account stated (*see Brunelle & Hadjikow, P.C. v O'Callaghan*, 126 AD3d 584, 584 [1st Dept 2015], *appeal dismissed* 26 NY3d 975 [2015]).

Plaintiff is granted leave to amend the complaint to plead the elements of his causes of action against defendants with greater specificity (*see Palisades Tickets, Inc. v Daffner*, 118

AD3d 619, 620 [1st Dept 2014]). Concur—Sweeny, J.P., Acosta, Feinman, Kapnick and Webber, JJ.