Matter of Gorelick v Suffolk County Comptroller's Off. (2020 NY Slip Op 05048)





Matter of Gorelick v Suffolk County Comptroller's Off.


2020 NY Slip Op 05048


Decided on September 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
SYLVIA O. HINDS-RADIX
BETSY BARROS
PAUL WOOTEN, JJ.


2017-07555
 (Index No. 273/17)

[*1]In the Matter of Joanne Gorelick, appellant,
v
Suffolk County Comptroller's Office, respondent.


Joanne Gorelick, Kendall Park, New Jersey, appellant pro se.
Dennis M. Cohen, County Attorney, Hauppauge, NY (Drew W. Schirmer of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78, which was converted into an action, inter alia, for a judgment declaring that the defendant is prohibited from assessing taxes pursuant to chapter 523, article II, of the Code of Suffolk County on the plaintiff's property in Ocean Beach for rental periods of less than 30 consecutive days, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated June 7, 2017. The order, insofar as appealed from, upon, in effect, deeming the petition to be a complaint, sua sponte, denied the plaintiff declaratory relief and directed dismissal of the complaint.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, denied the plaintiff declaratory relief and directed dismissal of the complaint is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is reversed insofar as appealed from, on the law, with costs.
In January 2017, the plaintiff commenced an article 78 proceeding, inter alia, seeking to prohibit the Suffolk County Comptroller's Office (hereinafter the Comptroller) from assessing certain taxes on her property. The Comptroller moved pursuant to CPLR 7804(f) and CPLR 3211(a)(2), (5), and (7) to dismiss the petition on the grounds that (1) the article 78 proceeding was untimely commenced and (2) the plaintiff failed to post an undertaking as a condition precedent to commencing the proceeding. By order dated June 7, 2017, the Supreme Court denied the Comptroller's motion to dismiss, and, pursuant to CPLR 103(c), converted the article 78 petition into a complaint asserting a declaratory judgment cause of action. Upon reaching the merits of the plaintiff's complaint, the court sua sponte denied the plaintiff declaratory relief and directed dismissal of the complaint. The plaintiff appeals.
Upon converting the article 78 petition into a complaint, the Supreme Court erred in reaching the merits of the complaint, and directing its dismissal. Having converted the petition to a complaint, the court could only reach the merits by giving the parties adequate notice that it was going to treat the defendant's pre-answer motion to dismiss as one for summary judgment (see CPLR [*2]3211[c]; see Mihlovan v Grozavu , 72 NY2d 506, 508; John & Mary Markle Found. v Manufacturers Hanover Trust Co. , 173 AD2d 784, 785-786). The defendant had not served an answer to either the petition or the complaint, and therefore, any motion for summary judgment would have been premature (see CPLR 3212[a]). Moreover, the record does not establish that the parties deliberately charted a summary judgment course (see Mihlovan v Grozavu , 72 NY2d at 508). Under these circumstances, the court's determination on the merits of the complaint was premature.
Accordingly, we reverse the order insofar as appealed from.
SCHEINKMAN, P.J., HINDS-RADIX, BARROS and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court