Davis v Evangelical Lutheran Church In Am. (2022 NY Slip Op 02914)

Davis v Evangelical Lutheran Church In Am.

2022 NY Slip Op 02914

Decided on April 29, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 29, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, NEMOYER, AND WINSLOW, JJ.

294 CA 21-01042

[*1]ROBERT R. DAVIS, PLAINTIFF-RESPONDENT,
v
EVANGELICAL LUTHERAN CHURCH IN AMERICA, ET AL., DEFENDANTS, AND UPSTATE NEW YORK SYNOD OF THE EVANGELICAL LUTHERAN CHURCH IN AMERICA, DEFENDANT-APPELLANT. 

HURWITZ & FINE, P.C., BUFFALO (ANDREA SCHILLACI OF COUNSEL), FOR DEFENDANT-APPELLANT. 
CHIACCHIA & FLEMING, LLP, HAMBURG (CHERYL KENNEDY OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from an order of the Supreme Court, Erie County (Deborah A. Chimes, J.), entered June 22, 2021. The order denied the motion of defendant Upstate New York Synod of the Evangelical Lutheran Church in America to dismiss the complaint against it. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: On appeal, defendant-appellant (defendant) contends that Supreme Court erred in denying its motion to dismiss the complaint against it pursuant to CPLR 3211 (a) (1). We reject that contention.
In order to succeed on a motion to dismiss pursuant to CPLR 3211 (a) (1), the defendant must proffer documentary evidence that "utterly refute[s]" the factual allegations in the complaint, "conclusively establishing a defense as a matter of law" (Himmelstein, McConnell, Gribben, Donoghue & Joseph, LLP v Matthew Bender & Co., Inc., 37 NY3d 169, 175 [2021], rearg denied 37 NY3d 1020 [2021] [internal quotation marks omitted]). " '[J]udicial records, as well as documents reflecting out-of-court transactions such as mortgages, deeds, contracts, and any other papers, the contents of which are essentially undeniable, would qualify as documentary evidence in the proper
case' " (Ajaka v Mount Sinai Hosp., 189 AD3d 963, 965 [2d Dept 2020]; see Rider v Rainbow Mobile Home Park, LLP, 192 AD3d 1561, 1563 [4th Dept 2021]). However, "[n]either affidavits, deposition testimony, nor letters are considered documentary evidence within the intendment of CPLR 3211 (a) (1)" (Rodolico v Rubin & Licatesi, P.C., 114 AD3d 923, 925 [2d Dept 2014] [internal quotation marks omitted]; see Rider, 192 AD3d at 1563). Here, the documentary evidence submitted by defendant failed to utterly refute the factual allegations in the complaint, and we therefore conclude that the court properly denied the motion.
Entered: April 29, 2022
Ann Dillon Flynn
Clerk of the Court