University Hill Realty, Ltd v Akl (2023 NY Slip Op 01634)

University Hill Realty, Ltd v Akl

2023 NY Slip Op 01634

Decided on March 24, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 24, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CURRAN, MONTOUR, AND OGDEN, JJ.

988 CA 21-01708

[*1]UNIVERSITY HILL REALTY, LTD, PLAINTIFF-APPELLANT,
v
RONDA AKL AND ROSETTE AKSTEROWICZ, AS TRUSTEES OF THE MILAD HATEM IRREVOCABLE TRUST UNDER AGREEMENT DATED JANUARY 14, 2015, AND THE MILAD HATEM IRREVOCABLE TRUST UNDER AGREEMENT DATED JANUARY 14, 2015, DEFENDANTS-RESPONDENTS. 

HANCOCK & ESTABROOK, LLP, SYRACUSE (ALAN J. PIERCE OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
ABRAHAM LAW, PLLC, SYRACUSE (IMAN ABRAHAM OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 

 Appeal from an order of the Supreme Court, Onondaga County (Robert E. Antonacci, II, J.), entered October 7, 2021. The order granted the motion of defendants to dismiss the complaint and dismissed the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is denied, and the complaint is reinstated.
Memorandum: Plaintiff commenced this breach of contract and unjust enrichment action, alleging that it is entitled to a real estate broker's commission based on, inter alia, an implied extension of a brokerage contract between it and defendants. Plaintiff appeals from an order granting defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7). We agree with plaintiff that Supreme Court erred in granting the motion, and we therefore reverse.
"When a court rules on a CPLR 3211 motion to dismiss, it 'must accept as true the facts as alleged in the complaint and submissions in opposition to the motion, accord [the] plaintiff[] the benefit of every possible favorable inference and determine only whether the facts as alleged fit within any cognizable legal theory' " (Whitebox Concentrated Convertible Arbitrage Partners, L.P. v Superior Well Servs., Inc., 20 NY3d 59, 63 [2012]; see Leon v Martinez, 84 NY2d 83, 87-88 [1994]).
We conclude that the complaint alleges a cognizable claim for breach of implied contract. "Whether an implied-in-fact contract was formed and, if so, the extent of its terms, involves factual issues regarding the intent of the parties and the surrounding circumstances" (Arell's Fine Jewelers v Honeywell, Inc., 147 AD2d 922, 923 [4th Dept 1989]; see Rocky Point Props. v Sear-Brown Group, 295 AD2d 911, 912 [4th Dept 2002]). Contrary to the court's determination, whether plaintiff "can ultimately establish its allegations is not part of the calculus in determining a motion to dismiss" (EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19 [2005]; see Cortlandt St. Recovery Corp. v Bonderman, 31 NY3d 30, 38 [2018]) and, here, plaintiff's allegations sufficiently state a cause of action for breach of an implied contract arising from an implicit agreement to extend the brokerage contract (see Herzog v New York City Dist. Council of Carpenters Pension Fund, 141 AD3d 497, 498 [1st Dept 2016]; see generally Dulberg v Mock, 1 NY2d 54, 57 [1956]). Similarly, the complaint sufficiently alleges the elements of a claim for unjust enrichment (see generally Georgia Malone & Co., Inc. v Rieder, 19 NY3d 511, 516 [*2][2012]; Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 182 [2011]; IDT Corp. v Morgan Stanley Dean Witter & Co., 12 NY3d 132, 142 [2009], rearg denied 12 NY3d 889 [2009]), and thus the court erred in dismissing that cause of action.
The court also erred insofar as it granted the motion with respect to the cause of action for breach of implied contract based on documentary evidence. "A motion to dismiss pursuant to CPLR 3211 (a) (1) will be granted if the documentary evidence resolves all factual issues as a matter of law, and conclusively disposes of the [plaintiff's] claim[s]" (Baumann Realtors, Inc. v First Columbia Century-30, LLC, 113 AD3d 1091, 1092 [4th Dept 2014] [internal quotation marks omitted]). Although contracts are among the types of documentary evidence that may be considered for purposes of CPLR 3211 (a) (1) (see Rider v Rainbow Mobile Home Park, LLP, 192 AD3d 1561, 1563 [4th Dept 2021]), we conclude that the contract submitted by defendants in support of their motion failed to "utterly refute . . . plaintiff's allegations [that the contract was implicitly extended] or conclusively establish a defense as a matter of law" (Lots 4 Less Stores, Inc. v Integrated Props., Inc., 152 AD3d 1181, 1183 [4th Dept 2017] [internal quotation marks omitted]).
Entered: March 24, 2023
Ann Dillon Flynn
Clerk of the Court