Matter of Dicker v Glen Oaks Vil. Owners, Inc. (2023 NY Slip Op 01673)

Matter of Dicker v Glen Oaks Vil. Owners, Inc.

2023 NY Slip Op 01673

Decided on March 29, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
WILLIAM G. FORD
BARRY E. WARHIT, JJ.

2020-05766
 (Index No. 5970/19)

[*1]In the Matter of Fred C. Dicker, appellant, 
v
Glen Oaks Village Owners, Inc., et al., respondents.

Steven G. Legum, Mineola, NY, for appellant.
Kaufman Friedman Plotnicki & Grun, LLP, New York, NY (Stanley M. Kaufman of counsel), for respondent Glen Oaks Village Owners, Inc.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78, inter alia, in the nature of mandamus to compel the respondents to remove a certain terrace, the petitioner appeals from a judgment of the Supreme Court, Queens County (Phillip Hom, J.), entered May 19, 2020. The judgment, insofar as appealed from, denied that branch of the petition which was to compel the respondents to remove the subject terrace and, in effect, dismissed that portion of the proceeding.
ORDERED that the judgment is reversed insofar as appealed from, on the law, with costs, that branch of the petition which was to compel the respondents to remove the subject terrace is reinstated, that portion of the proceeding is converted into an action pursuant to RPAPL 871(1), that branch of the petition is deemed to be the complaint (see CPLR 103[c]), and the matter is remitted to the Supreme Court, Queens County, for further proceedings on the complaint.
In a prior proceeding, this Court, inter alia, annulled a determination of the respondent Glen Oaks Village Owners, Inc. (hereinafter Glen Oaks), granting the respondent Anne P. Haffey permission to construct a second-story terrace without the consent of the petitioner, who owns the shares to the first-floor unit below, in contravention of rules promulgated by Glen Oaks (see Matter of Dicker v Glen Oaks Vil. Owners, Inc., 153 AD3d 1399, 1399-1400). During the pendency of the prior proceeding, Haffey constructed the subject terrace. In 2019, the petitioner commenced this proceeding pursuant to CPLR article 78, among other things, in the nature of mandamus to compel the respondents to remove the terrace. Glen Oaks interposed an answer. In a judgment entered May 19, 2020, the Supreme Court, inter alia, denied that branch of the petition which was to compel the respondents to remove the terrace and, in effect, dismissed that portion of the proceeding. The petitioner appeals.
As a preliminary matter, Glen Oaks failed to establish that the branch of the petition which was to compel the respondents to remove the terrace was barred by the doctrine of res judicata (see Xiao Yang Chen v Fischer, 6 NY3d 94, 100; Matter of Reilly v Reid, 45 NY2d 24, 28) or by the statute of limitations (see Matter of Cathie v Greenstein, 194 AD3d 925, 926; Village of Islandia v County of Suffolk, 162 AD3d 715).
RPAPL 871(1) authorizes the owner of any legal estate in land to maintain an action [*2]for an injunction directing the removal of a structure encroaching on such land. "Even where the facts which would justify the grant of [such] an extraordinary remedy are established, the court must still decide whether, in the exercise of a sound discretion, it should grant the remedy, and if granted, the terms and conditions which should be annexed to it" (Lexington & Fortieth Corp. v Callaghan, 281 NY 526, 531; see City of New York v Prudenti's Rest. on the Riv., Inc., 203 AD3d 1127, 1128; Matter of 144-80 Realty Assoc. v 144-80 Sanford Apt. Corp., 193 AD3d 723, 725; Marsh v Hogan, 81 AD3d 1241, 1243). Consequently, that branch of the petition which was to compel the respondents to remove the terrace did not seek the performance of a purely ministerial act which can be obtained in a CPLR article 78 proceeding (see CPLR 7801, 7803; Matter of Suffolk County Assn. of Mun. Empls., Inc. v Levy, 133 AD3d 676, 677; cf. Matter of Policemen's Benevolent Assn. of Westchester County v Board of Trustees of Vil. of Croton-on-Hudson, 21 AD2d 693, 694-695).
Pursuant to CPLR 103(c), however, a proceeding should not be dismissed "solely because it is not brought in the proper form," and this Court has the power to convert a proceeding into the proper form (see Matter of Cromwell Towers Redevelopment Co. v City of Yonkers, 41 NY2d 1, 5; Matter of Greenberg v Assessor of Town of Scarsdale, 121 AD3d 986, 990; Matter of Dandomar Co., LLC v Town of Pleasant Val. Town Bd., 86 AD3d 83, 91). Under the circumstances, we convert so much of the proceeding as sought to compel the respondents to remove the terrace into an action, deem that branch of the petition which was to compel the respondents to remove the terrace to be the complaint, and remit the matter to the Supreme Court, Queens County, for further proceedings on the complaint.
In light of the foregoing, it is premature to render a determination on the merits (see Matter of Gorelick v Suffolk County Comptroller's Off., 186 AD3d 1518, 1519).
BARROS, J.P., BRATHWAITE NELSON, FORD and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court