Barker v Gervera (2025 NY Slip Op 01453)

Barker v Gervera

2025 NY Slip Op 01453

Decided on March 14, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, OGDEN, AND HANNAH, JJ.

40 CA 23-02108

[*1]DAVID BARKER, PLAINTIFF-APPELLANT,
v
ANTHONY . GERVERA, AMANDA D. GERVERA, AND FARM CREDIT EAST, ACA, DEFENDANTS-RESPONDENTS. (ACTION NO. 1.)  DAVID BARKER, PLAINTIFF-APPELLANT, 
 ANTHONY . GERVERA, AMANDA D. GERVERA, AND FARM CREDIT EAST, ACA, DEFENDANTS-RESPONDENTS. (ACTION NO. 2.) 

LONGSTREET & BERRY, LLP, FAYETTEVILLE (MICHAEL J. LONGSTREET OF COUNSEL), FOR PLAINTIFF-APPELLANT.
COSTELLO, COONEY & FEARON, PLLC, SYRACUSE (MATTHEW W. O'NEIL OF COUNSEL), FOR DEFENDANTS-RESPONDENTS ANTHONY V. GERVERA AND AMANDA D. GERVERA. 
HANCOCK & ESTABROOK, LLP, SYRACUSE (JANET D. CALLAHAN OF COUNSEL), FOR DEFENDANT-RESPONDENT FARM CREDIT EAST, ACA. 

 Appeal from an order of the Supreme Court, Jefferson County (James P. McClusky, J.), entered November 27, 2023. The order, insofar as appealed from, granted in part the motion of defendants Anthony V. Gervera and Amanda D. Gervera to dismiss plaintiff's first through third claims against them, and granted the motion of defendant Farm Credit East, ACA, for summary judgment dismissing the amended complaints against it. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion of defendant Farm Credit East, ACA, reinstating the amended complaints against that defendant, denying those parts of the motion of defendants Anthony V. Gervera and Amanda D. Gervera seeking dismissal of the first claim against them insofar as it is based on a theory of unilateral mistake with fraud, the second claim against them, and the third claim against them insofar as it is based on a theory of constructive trust and reinstating those parts of the amended complaints in their entirety and as modified the order is affirmed without costs.
Memorandum: Plaintiff sold his 300-acre farm, situated in Oswego and Jefferson Counties, to his daughter and son-in-law, defendants Amanda D. Gervera and Anthony V. Gervera (collectively, Gervera defendants). Defendant Farm Credit East, ACA (Farm Credit) holds a mortgage on that real property. As summarized in our decision on the prior appeals in this matter (Barker v Gervera [appeal No. 1], 218 AD3d 1159 [4th Dept 2023]; Barker v Gervera [appeal No. 2], 218 AD3d 1163 [4th Dept 2023]), plaintiff believed he would be given a life estate from the Gervera defendants as part of the transfer but later learned that no life estate had been created. Plaintiff commenced identical actions in Oswego and Jefferson Counties by [*2]service of summonses with notice, seeking, inter alia, reformation of the deeds that transferred ownership of the farm to the Gervera defendants. The Gervera defendants and Farm Credit moved to dismiss the actions pursuant to CPLR 3012 (b).
Supreme Court in each action granted Farm Credit's motion in its entirety and granted the Gervera defendants' motion in part, leaving intact only plaintiff's conversion causes of action against the Gervera defendants. On the prior appeals by plaintiff, we reversed both orders insofar as appealed from and denied the motions, thus reinstating the remaining causes of action (Barker, 218 AD3d at 1159-1160; id., 218 AD3d at 1163).
Plaintiff filed amended complaints asserting, in addition to conversion, claims for reformation or rescission and damages based on "mutual mistake or unilateral mistake with fraud"; undue influence; and "unjust enrichment/constructive trust." After issue was joined but before any meaningful discovery occurred, the Gervera defendants moved to dismiss those additional claims under CPLR 3211 (a) (1) and (7), and Farm Credit moved for summary judgment dismissing the amended complaints under CPLR 3212, relying almost exclusively on the submissions of the Gervera defendants. Plaintiff opposed the motions and filed a cross-motion to join the actions.
Supreme Court, Jefferson County, granted the Gervera defendants' motion in part. Specifically, the court granted the motion insofar as it sought dismissal of the claims asserting " 'mutual mistake or unilateral mistake with fraud' and . . . 'undue influence' " and insofar as it sought dismissal of the claim asserting " 'unjust enrichment/constructive trust,' " except "to the extent that [p]laintiff claims to have relied upon an unfulfilled promise that he could 'live in his house until he dies.' " The court also granted Farm Credit's motion, dismissing the amended complaints against it. Although the court denied plaintiff's cross-motion for joinder, the court ordered that the two actions be consolidated in Supreme Court, Jefferson County. Plaintiff, as limited by his brief, appeals from the order to the extent that it granted the motions.
Preliminarily, we note that, although the Gervera defendants moved for dismissal pursuant to CPLR 3211 (a) (1) and (7), the court determined that the Gervera defendants' motion was "in actuality, one for summary judgment," and treated the motion as such (see CPLR 3211 [c]). We conclude that the court erred in converting the Gervera defendants' motion to a CPLR 3212 motion. A court may treat a CPLR 3211 motion made under subdivision (a) or (b) as a motion for summary judgment "after adequate notice to the parties" (CPLR 3211 [c] [emphasis added]). On this record, we conclude that "no such notice was given" (Corle v Allstate Ins. Co., 162 AD3d 1489, 1490 [4th Dept 2018]; see Pitts v City of Buffalo, 298 AD2d 1003, 1004-1005 [4th Dept 2002]), and that there is no evidence that the parties (aside from Farm Credit) "deliberately charted a summary judgment course" (Matter of Gorelick v Suffolk County Comptroller's Off., 186 AD3d 1518, 1519 [2d Dept 2020]; see Corle, 162 AD3d at 1490).
Moreover, "conversion is inappropriate where a motion for summary judgment would be premature" (Russo v Crisona, 219 AD3d 920, 921 [2d Dept 920]). Here, in an attorney affirmation in opposition to the motions, plaintiff contended that he "should . . . , at the very least, be allowed the opportunity to conduct depositions of the parties and the witnesses involved, to support [his] claims" (see CPLR 3212 [b]). We conclude that plaintiff has established that he "had no reasonable opportunity to conduct discovery, and [that] discovery may result in disclosure of evidence relevant to the [claims] asserted in the complaint" (Menche v CDx Diagnostics, Inc., 199 AD3d 678, 680 [2d Dept 2021]). Inasmuch as there was no notice of the court's intention to convert the Gervera defendants' motion, the failure of plaintiff to object to the court's procedure is not fatal to his contention (cf. id.).
We thus address this appeal insofar as it relates to the Gervera defendants using the standard of review applicable to a CPLR 3211 (a) motion.
"When reviewing a defendant's motion to dismiss a complaint for failure to state a cause of action, a court must give the complaint a liberal construction, accept the allegations as true and provide plaintiff[ ] with the benefit of every favorable inference . . . Whether a plaintiff can ultimately establish its allegations is not part of the calculus in determining a motion to dismiss" (Cortlandt St. Recovery Corp. v Bonderman, 31 NY3d 30, 38 [2018] [internal quotation marks omitted]; see Leon v Martinez, 84 NY2d 83, 87-88 [1994]; Pottorff v Centra Fin. Group, Inc., [*3]192 AD3d 1552, 1553 [4th Dept 2021]). "In reviewing a motion under CPLR 3211 (a) (7), 'a court may freely consider affidavits submitted by the plaintiff to remedy any defects in the complaint . . . and the criterion is whether the proponent of the pleading has a cause of action, not whether [the proponent] has stated one' " (Potempa v Potempa, 229 AD3d 1191, 1192-1193 [4th Dept 2024], quoting Leon, 84 NY2d at 88).
The Gervera defendants also moved to dismiss under CPLR 3211 (a) (1), contending that documentary evidence, i.e., the contract and the deeds, established a complete defense to the claims (see Davis v Evangelical Lutheran Church In Am., 204 AD3d 1515, 1516 [4th Dept 2022]). Our role in reviewing the evidence " 'is not to interpret the contract [or deeds], but to determine whether defendants met their burden of proffering documentary evidence conclusively refuting plaintiff['s] allegations' " (Howard v Reserve at Spaulding Green, 225 AD3d 1232, 1233 [4th Dept 2024]; see University Hill Realty, Ltd. v Akl, 214 AD3d 1467, 1468 [4th Dept 2023]). Here, the documents submitted by the Gervera defendants "failed to 'utterly refute . . . plaintiff's allegations [that the contract was procured by mistake, fraud, or undue influence] or conclusively establish a defense as a matter of law' " (University Hill Realty, Ltd., 214 AD3d at 1469; see Davis, 204 AD3d at 1516).
With respect to the claim based on a mutual mistake or unilateral mistake with fraud, "[i]t is the general rule that where a written instrument fails to conform to the agreement between the parties in consequence of the mutual mistake of the parties however induced, or of the mistake of one party and fraud of the other, a court will reform the instrument so as to make it conform to the actual agreement between the parties" (Janowitz Bros. Venture v 25-30 120th St. Queens Corp., 75 AD2d 203, 214 [2d Dept 1980]; see Iskalo Elec. Tower LLC v Stantec Consulting Servs., Inc., 219 AD3d 1157, 1160 [4th Dept 2023]; EGW Temporaries, Inc. v RLI Ins. Co., 83 AD3d 1481, 1481 [4th Dept 2011]).
We reject plaintiff's contention that he stated a valid claim for mutual mistake. Plaintiff alleged that the Gervera defendants tricked or deceived him into transferring a property allegedly valued at over $750,000 for a price of $250,000, and there is no contention in the amended complaints that the Gervera defendants operated under any mistake (see Chimart Assoc. v Paul, 66 NY2d 570, 573 [1986]; EGW Temporaries, Inc., 83 AD3d at 1481-1482; see generally Pickard v Campbell, 207 AD3d 1105, 1107-1108 [4th Dept 2022], lv denied 39 NY3d 910 [2023]). That claim was thus properly dismissed.
We reach a different conclusion with respect to the claim that there was a unilateral mistake with fraud. Initially, we note that "[a] bare claim of unilateral mistake by [a] plaintiff, unsupported by legally sufficient allegations of fraud on the part of defendants, does not state a cause of action for reformation" (Barclay Arms v Barclay Arms Assoc., 74 NY2d 644, 646 [1989]; see Portnoy v Allstate Indem. Co., 82 AD3d 1196, 1198 [2d Dept 2011]; 1225 Realty Owner LLC v Mocal Enters., Inc., 66 AD3d 602, 602 [1st Dept 2009]). The allegations "must overcome the presumption that the written instrument correctly set forth the true intentions of the parties" (Town of German Flats v Aetna Cas. & Sur. Co., 174 AD2d 1003, 1004 [4th Dept 1991], lv denied 78 NY2d 860 [1991]). The issue therefore distills to whether plaintiff made "legally sufficient allegations of fraud on the part of defendants" (Barclay Arms, 74 NY2d at 646). "Where a cause of action or defense is based upon misrepresentation, fraud, mistake, wilful default, breach of trust or undue influence, the circumstances constituting the wrong shall be stated in detail" (CPLR 3016 [b]; see Pludeman v Northern Leasing Sys., Inc., 10 NY3d 486, 491 [2008]).
" 'The elements of a cause of action for fraud require a material misrepresentation of a fact, knowledge of its falsity, an intent to induce reliance, justifiable reliance by the plaintiff[,] and
damages' " (Carlson v American Intl. Group, Inc., 30 NY3d 288, 310 [2017], quoting Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559 [2009]; see Lama Holding Co. v Smith Barney, 88 NY2d 413, 421 [1996]; Northland E., LLC v J.R. Militello Realty, Inc., 163 AD3d 1401, 1404 [4th Dept 2018]). Here, we conclude that plaintiff made legally sufficient allegations not only of a unilateral mistake but also of all the elements of a cause of action for fraud with respect to the Gervera defendants (see generally CPLR 3016 [b]; Northland E., LLC, 163 AD3d at 1404). We therefore reinstate the unilateral mistake with fraud claim.
With respect to the claim for reformation or rescission on the ground of undue influence, we agree with plaintiff that defendants have not met their burden of conclusively establishing a [*4]defense as a matter of law, and we reject defendants' assertion that the concept of undue influence is limited to invalidating a will. Although we noted in Nice v Combustion Eng'g (193 AD2d 1088, 1090 [4th Dept 1993]) that " 'undue influence' is a ground for invalidating a will" (id.), New York courts have invalidated deeds on the ground of undue influence (see e.g. Matter of Nurse, 160 AD3d 745, 748 [2d Dept 2018]; Peters v Nicotera, 248 AD2d 969, 969-970 [4th Dept 1998]) or have otherwise entertained the theory of undue influence to challenge a deed or contract (see e.g. Weinberg v Sultan, 142 AD3d 767, 768-769 [1st Dept 2016]; Rudge v Latopolski, 57 AD3d 964, 964 [2d Dept 2008]; Call v Ellenville Natl. Bank, 5 AD3d 521, 525-526 [2d Dept 2004]; see generally Adams v Irving Natl. Bank of N.Y., 116 NY 606, 613-614 [1889]). We therefore conclude that plaintiff may pursue a claim for undue influence in his action to reform the contract and deeds.
It is well established that there is a "need to protect vulnerable incapacitated individuals and their rightful heirs from overreaching and undue influence," as well as "to protect the integrity of the courts themselves" (Campbell v Thomas, 73 AD3d 103, 119 [2d Dept 2010]). "It is an old, old principle that a court, even in the absence of express statutory warrant, must not allow itself to be made the instrument of wrong, no less on account of its detestation of every thing conducive to wrong than on account of that regard which it should entertain for its own character and dignity" (id. [internal quotation marks omitted]).
To establish undue influence, a party is required to establish that an individual "was actually constrained to act against [their] own free will and desire by identifying the motive, opportunity and acts allegedly constituting the influence, as well as when and where such acts occurred" (Matter of Colverd, 52 AD3d 971, 973 [3d Dept 2008] [internal quotation marks omitted]; see Matter of Haley, 189 AD3d 2000, 2002 [3d Dept 2020]). We conclude that plaintiff's allegations are sufficient to withstand the Gervera defendants' CPLR 3211 (a) (7) motion to dismiss. We therefore reinstate the claim of undue influence.
With respect to the claim of unjust enrichment or constructive trust, we reject plaintiff's contention that the court erred to the extent that it dismissed the unjust enrichment claim. "The elements of an unjust enrichment cause of action are that (1) the defendant was enriched; (2) the enrichment was at the expense of the plaintiff; and (3) it would be inequitable to allow the defendant to retain that which is claimed by the plaintiff" (OneWest Bank, FSB v Spencer, 145 AD3d 1488, 1489-1490 [4th Dept 2016]; see Georgia Malone & Co., Inc. v Rieder, 19 NY3d 511, 516 [2012]). "[T]he theory of unjust enrichment lies as a quasi-contract claim and contemplates an obligation imposed by equity to prevent injustice, in the absence of an actual agreement between the parties" (Georgia Malone & Co., Inc., 19 NY3d at 516 [emphasis added & internal quotation marks omitted]; see IDT Corp. v Morgan Stanley Dean Witter & Co., 12 NY3d 132, 142 [2009], rearg denied 12 NY3d 889 [2009]). Where, as here, "the parties executed a valid and enforceable written contract governing a particular subject matter, recovery on a theory of unjust enrichment for events arising out of that subject matter is ordinarily precluded" (IDT Corp., 12 NY3d at 142; see Cox v NAP Constr. Co., Inc., 10 NY3d 592, 607 [2008]).
With respect to plaintiff's claim for a constructive trust, we agree with plaintiff that no portion of that claim should have been dismissed. "A constructive trust is the formula through which the conscience of equity finds expression. When property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest, equity converts him into a trustee" (Toobian v Golzad, 193 AD3d 778, 781 [2d Dept 2021] [internal quotation marks omitted]; see Matter of Thomas, 124 AD3d 1235, 1237 [4th Dept 2015]). A constructive trust may be imposed where there is "(1) a confidential or fiduciary relation, (2) a promise, express or implied, (3) a transfer made in reliance on that promise, and (4) unjust enrichment" (Bankers Sec. Life Ins. Socy. v Shakerdge, 49 NY2d 939, 940 [1980], rearg denied 50 NY2d 929 [1980]; see Toobian, 193 AD3d at 781; Rossi v Morse, 153 AD3d 1637, 1638 [4th Dept 2017]).
"Inasmuch as a constructive trust is an equitable remedy, however, 'courts do not rigidly apply the elements but use them as flexible guidelines' " (Beason v Kleine, 96 AD3d 1611, 1613 [4th Dept 2012]; see Rossi, 153 AD3d at 1638). Indeed, the "elements serve only as a guideline, [and] a constructive trust may still be imposed even if all of the elements are not established" (Galasso, Langione & Botter, LLP v Galasso, 176 AD3d 1176, 1184 [2d Dept 2019] [internal [*5]quotation marks omitted]; see Thomas, 124 AD3d at 1239; see also Counihan v Allstate Ins. Co., 194 F3d 357, 361-362 [2d Cir 1999]).
We conclude that plaintiff's allegations are sufficient to state all of the elements of a constructive trust with respect to his claim of a life estate in the property. "In determining whether a confidential relationship exists, 'the existence of a family relationship does not, per se, create a presumption of undue influence; there must be evidence of other facts or circumstances showing inequality or controlling influence' . . . The existence of such a relationship will ordinarily be a question of fact" (Matter of Nealon, 104 AD3d 1088, 1089 [3d Dept 2013], affd 22 NY3d 1045 [2014]). Nevertheless, it has been held that a "familial relationship between the parties is sufficient to demonstrate a confidential relationship" (Peebles v Peebles, 40 AD3d 1388, 1390 [3d Dept 2007], lv dismissed 9 NY3d 892 [2007], lv dismissed 10 NY3d 893 [2008], rearg denied 11 NY3d 751 [2008]; see Delidimitropoulos v Karantinidis, 186 AD3d 1489, 1491 [2d Dept 2020]; Millard v Wyche, 164 AD3d 778, 779 [2d Dept 2018]). We conclude that plaintiff's allegations are sufficient to survive a CPLR 3211 (a) (7) motion (see generally Enzien v Enzien, 96 AD3d 1136, 1137-1138 [3d Dept 2012]).
We further conclude that the allegations in the amended complaints are sufficient to state the elements regarding a promise and a transfer made in reliance on that promise. Indeed, those elements were not the subject of any dispute on the motion.
With respect to the element of unjust enrichment, we highlight the distinction between a stand-alone claim for unjust enrichment and the element of unjust enrichment in a claim for a constructive trust. Although a stand-alone claim for unjust enrichment is barred where, as here, there is a valid written contract (see IDT Corp., 12 NY3d at 142; Cox, 10 NY3d at 607), that does not act as a bar to a constructive trust claim. Indeed, there are several examples of cases involving constructive trusts where there were underlying written contracts (see e.g. Enzien, 96 AD3d at 1138-1139; Hornett v Leather, 145 AD2d 814, 816 [3d Dept 1988], lv denied 74 NY2d 603 [1989]).
"The salutary purpose of the constructive trust remedy is to prevent unjust enrichment . . . A person may be deemed to be unjustly enriched if [they have] received a benefit, the retention of which would be unjust . . . A conclusion that one has been unjustly enriched is essentially a legal inference drawn from the circumstances surrounding the transfer of property and the relationship of the parties. It is a conclusion reached through the application of principles of equity" (Sharp v Kosmalski, 40 NY2d 119, 123 [1976]). Here, as in Sharp, "[t]his case seems to present the classic example of a situation where equity should intervene to scrutinize a transaction pregnant with opportunity for abuse and unfairness. It was for just this type of case that there evolved equitable principles and remedies to prevent injustices" (id.).
We agree with plaintiff that the Statute of Frauds (General Obligations Law § 5-703) " 'is not a defense to a properly pleaded cause of action to impose a constructive trust on real property' " (Toobian, 193 AD3d at 780). We conclude that the Gervera defendants failed to conclusively establish a defense as a matter of law (see generally id.; Galasso, Langione & Botter, LLP, 176 AD3d at 1184) and that the court erred in dismissing any part of the constructive trust claim.
In its order, the court denied the Gervera defendants' motion to dismiss "on the issue of 'unjust enrichment/constructive trust' to the extent that [p]laintiff claims to have relied upon an unfulfilled promise that he could 'live in his house until he dies.' " Neither the Gervera defendants nor Farm Credit appealed from the order and, as a result, we are precluded from granting them any affirmative relief (see Matter of Baker Hall v City of Lackawanna Zoning Bd. of Appeals, 109 AD3d 1096, 1097 [4th Dept 2013]; see generally Hecht v City of New York, 60 NY2d 57, 61 [1983]). We therefore do not address the merits of defendants' contention challenging the portion of the order that declined to dismiss part of the "unjust enrichment/constructive trust" claim.
Based on our determination, we agree with plaintiff that the amended complaints should be reinstated against Farm Credit as mortgagee of the property and therefore a necessary party (see generally CPLR 1001 [a]).
We therefore modify the order by denying Farm Credit's motion, reinstating the amended complaints against that defendant, denying in part the Gervera defendants' motion, and reinstating the "mutual mistake or unilateral mistake with fraud" claim insofar as it seeks relief based on a unilateral mistake with fraud, the undue influence claim, and the "unjust enrichment/constructive trust" claim insofar as it seeks relief for a constructive trust.
Entered: March 14, 2025
Ann Dillon Flynn
Clerk of the Court