| |
|:---:|
| **State of N.Y. Mtge. Agency v Stafford** |
| 2025 NY Slip Op 31386(U) |
| April 21, 2025 |
| Supreme Court, Livingston County |
| Docket Number: Index No. 000026-2025 |
| Judge: Jennifer M. Noto |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

PRESENT: HON. JENNIFER M. NOTO
Acting Supreme Court Justice

**STATE OF NEW YORK**
**SUPREME COURT**  **COUNTY OF LIVINGSTON**

---

**STATE OF NEW YORK MORTGAGE AGENCY,**

**Plaintiff,**

**DECISION AND ORDER**

vs.

**Index No.: 000026-2025**

**DANIEL K. STAFFORD, et al,**

**Defendants.**

---

**Appearances:**

**For Plaintiff:**
Aleisha C. Jennings, Esq.
Yanci R. Herboldt, Esq. (of counsel)
McCalla Raymer Leibert Pierce LLC
420 Lexington Avenue, Suite 840
New York, New York 10170

**For Defendants:**
Elizabeth G. Adymy, Esq.
Legal Assistance of Western New York, Inc.
361 South Main Street
Geneva, New York 14456

## DECISION

The e-filed documents, listed by NYSCEF as item numbers 1-11, 14-21. 23-24 and 26-35 were read and reviewed in consideration of this Decision and Order.

## BACKGROUND AND PROCEDURAL HISTORY

On or about August 31, 1998, the Defendants obtained a Note/Mortgage in the amount of $71,295.00 on a residence located at 147 Rochester Street, in the Village of Avon, New York. On February 1, 2022, the Defendants failed to pay the monthly payment amount due on that date and each subsequent payment thereafter. As of that date, the principal balance due and owing pursuant to the terms of the Note/Mortgage was $24,455.99. The first action for foreclosure was filed by Plaintiff on April 12, 2023 (Index No. 000235-2023). On August 13, 2024, said action (Index No. 000235-2023) was discontinued without prejudice because the Plaintiff failed to timely seek

1

RECEIVED NYSCEF: 04/21/2025

a default judgment against the Defendants within a year of the Defendant's default.

On January 10, 2025, a new or second action for foreclosure was commenced under Index No. 000026-2025. In paragraph 13 of the Complaint filed on that same date, the Plaintiff stated it had "sent the notices required by [Real Property Actions and Proceedings Law (RPAPL)] §1304, dated March 24, 2022, to Daniel K. Stafford and Barbara Stafford by regular and certified mail to the last known address of the borrowers." (Doc. No. 1). Additionally, in Exhibit A attached to the Complaint, the Plaintiff's "Proof of Filing Statement," required under RPAPL §1306, indicated that the "90-Day Pre-Foreclosure Notice" was mailed to the Defendants on March 24, 2022 ("24-MAR-22 12.00.00.000 AM"). (Doc. No.1).

On February 7, 2025, the Defendants filed the current motion (Motion No. 1) seeking an order dismissing the Plaintiff's complaint for failure to timely and properly serve the statutorily required notices pursuant to RPAPL §1304. (Doc. Nos. 14-21). The Defendants aver that the Plaintiff's own documents submitted in the instant action establish that it cannot satisfy the condition precedent of the proper service of a 90-day notice, mandated by RPAPL§1304, prior to the commencement of the second foreclosure action. (Doc. No. 15).

The Plaintiff filed an Affirmation in Opposition to Defendant's Motion to Dismiss on March 6, 2025 (Doc. No. 33). In its opposing papers, the Plaintiff has argued that the Defendants' motion to dismiss be denied due to the Defendants' alleged erroneous interpretation of the 90-day notice requirement in RPAPL § 1304(4). Instead, the Plaintiff asserted that the 90-day notice need only be served once in a twelve-month period to the same borrower in connection with the same loan and same delinquency. The Plaintiff also contended that a pre-answer motion to dismiss is an inappropriate vehicle to raise an RPAPL §1304 defense.

On March 12, 2025, a Reply Affirmation was filed by the Defendants. (Doc. No. 34). The

2

Defendants alleged that thirty-four (34) months had elapsed between the date of the RPAPL §1304 notices relied upon by the Plaintiff and the filing of this second foreclosure action. The Defendants assert that the Plaintiff has failed to meet the strict compliance required with regard to both the information to be provided pursuant to RPAPL §1304(1) and the timeframe contemplated pursuant to RPAPL §1304(4). (Doc. No. 34).

Counsel appeared before the Court for the oral argument of the motion on March 14, 2025. At the conclusion of said appearance, the Court reserved decision. Upon review of the filings and in consideration of the arguments of counsel, the Court finds as follows.

## RELEVANT LAW & SCOPE OF REVIEW

It is well-settled that in reviewing a pre-answer motion to dismiss pursuant to CPLR §3211, "the pleadings are necessarily afforded a liberal construction" and a court must "accept the facts as alleged in the complaint as true, accord the plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory." *Collins v. Davirro*, 160 A.D.3d 1343, 1343 (4th Dept. 2018); *see also, Morales v. Arrowood Indem. Co.*, 203 A.D.3d 1603 (4th Dept. 2022); *Hall v. McDonald's Corp.*, 159 A.D.3d 1591, 1592 (4th Dept. 2018); *Leon v. Martinez*, 84 N.Y.2d 83, 87-88 (1994); *Goshen v. Mutual Life Ins. Co.*, 98 N.Y.2d 314, 326 (2002); *Goldman v. Metropolitan Life Ins.*, 5 N.Y.3d 561, 570-571 (2005); *Baumann Realtors, Inc., v. First Columbia Century-30, LLC*, 113 A.D.3d 1091, 1092 (4th Dept. 2014).

### CPLR §3211(a)(1) (Dismissal based upon documentary evidence)

Under CPLR §3211(a)(1), "[a] party may move for judgment dismissing one or more causes of action asserted against him on the ground that: 1. a defense is founded upon documentary evidence." A motion to dismiss based on documentary evidence may be granted only where

[* 3]

documentary evidence utterly refutes the plaintiff's factual allegations, resolves all factual issues as a matter of law, and conclusively disposes of the claims at issue. *See, Bedford-Carp Constr., Inc. v. Brooklyn Union Gas Co.*, 215 A.D.3d 907, 908 (2d Dept. 2023); *Davis v. Evangelical Lutheran Church in Am.*, 204 A.D.3d 1515, 1516 (4th Dept. 2022); *Divito v. Glennon*, 193 A.D.3d 1326 (4th Dept. 2021); *Lots 4 Less Stores, Inc. v. Integrated Properties, Inc.*, 152 A.D.3d 1181, 1183 (4th Dept. 2017); *see also, Goshen v Mutual Life Ins. Co. of N.Y.*, 98 N.Y.2d 314, 326 (2002); *Leon v. Martinez*, 84 N.Y.2d 83 (1994).

To be considered documentary, the evidence must be unambiguous, of undisputed authenticity and the contents of which are essentially undeniable. *Xu v. Van Zwienen*, 212 A.D.3d 872, 874 (2d Dept. 2023); *Phillips v. Taco Bell Corp.*, 152 A.D.3d 806, 807 (2d Dept. 2017). For example, "'[J]udicial records, as well as documents reflecting out-of-court transactions such as mortgages, deeds, contracts, and any other papers, the contents of which are essentially undeniable, would qualify as documentary evidence in the proper case.'" *Davis*, 204 A.D.3d at 1516 (4th Dept. 2022) (internal citation omitted). On the other hand, letters, emails, and deposition testimony, "are not considered documentary evidence within the intendment of CPLR §3211(a)(1)." *Id.* at 1516; *Xu v. Van Zwienen*, 212 A.D.3d at 874. Even "[a]n affidavit is not documentary evidence because its contents can be controverted by other evidence, such as another affidavit." *Id.* at 874.

## RPAPL §1304

RPAPL§ 1304 addresses "[r]equired prior notices" in foreclosure actions. The section mandates that

> "[n]otwithstanding any other provision of law, with regard to a home loan, at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, or borrowers at the property address and any other address of record, including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower in at least

4

[* 4]

fourteen-point type which shall include . . . [a specific, delineated set of information]." RPAPL§ 1304(1).

Among the required details about the home loan that must be shared consist of the following: the number of days and the amount of the default; a list of approved housing counseling agencies; and the encouragement to "take immediate steps to try to achieve a resolution" before any legal action is commenced. RPAPL§ 1304(1).

"In expanding the protections of RPAPL §1304 to all home loans, the legislature sought to reduce the number of foreclosures by allowing the parties to 'attempt to work out the default without imminent threat of a foreclosure action.'" *Bank of Am., N.A. v. Kessler*, 39 N.Y.3d 317, 326 (2023), *citing, CIT Bank N.A. v. Schiffman*, 36 NY3d 550, 555 (2021). Thus, the underlying statutory purpose of the required notices in RPAPL §1304 is to provide accurate, relevant and timely information to borrowers to help them from losing their homes. *Bank of Am., N.A. v. Joerger*, 231 A.D.3d 914, 915 (2d Dept. 2024). Therefore, RPAPL §1304 is a remedial statute that should be read broadly to help borrowers avoid foreclosure. *Kessler*, 39 N.Y.3d at 326.

Based upon that view, it is axiomatic that "[p]roper service of a RPAPL §1304 notice containing the statutorily mandated content is a condition precedent to the commencement of a foreclosure action and the plaintiff's failure to show strict compliance requires dismissal." *Deutsche Bank Nat'l Tr. Co. v. Zatari*, 220 A.D.3d 1151, 1152–53 (3d Dept. 2023); *see also, Wells Fargo Bank, N.A. v. Palaigos*, 235 A.D.3d 1027, 1029 (2d Dept. 2025); *Bank of New York Mellon v. Dilavore*, 233 A.D.3d 930, 931 (2d Dept. 2024); *U.S. Bank N.A. v. 22–33 Brookhaven, Inc.*, 219 A.D.3d 657, 664 (2d Dept. 2022); *Deutsche Bank Natl. Trust Co. v. Guevara*, 227 A.D.3d 951, 953 (2d Dept. 2024); *Citibank, N.A. v. Conti–Scheurer*, 172 A.D.3d 17, 20 (2d Dep.t 2019); *HSBC Bank USA v. Rice*, 155 A.D.3d 443, 443 (1st Dept. 2017). "[A] plaintiff has complete control over the acts necessary to effectuate compliance with a condition precedent" *HSBC Bank USA v.*

5

[* 5]

*Kirschenbaum*, 159 A.D.3d 506, 507(1st Dept 2018). Accordingly, the "failure to comply with RPAPL §1304 constitute[s] a defense to [a] mortgage foreclosure action, [that can] be raised at any time." *Citimortgage, Inc. v. Espinal*, 134 A.D.3d 876, 879 (2d Dept 2015) (internal citations omitted). In fact, raising the issue of "RPAPL § 1304 compliance has been said to be a 'super defense,' a condition precedent that may 'be raised at any time' [during the foreclosure action] by a mortgagor," except after a judgment of foreclosure and sale has been issued." *Beneficial Homeowner Serv. Corp. v. Jordon-Thompson*, 57 Misc. 3d 1213(A) (Suffolk Co. Sup. Ct. 2017), *citing, Aurora Loan Services v. Weisblum*, 85 A.D.3d 95 (2d Dept 2011); *see also Espinal*, 134 A.D.3d at 879. In a foreclosure action, "[a pre-answer] motion to dismiss a complaint pursuant to CPLR §3211(a) may be based on various grounds, including…[a]failure to comply with RPAPL §1304 . . . ." *Deutsche Bank Nat'l Tr. Co. v. Hall*, 185 A.D.3d 1006, 1010–11 (2d Dept. 2020).

## CONCLUSIONS OF LAW

In the present case, contrary to the assertions of the Plaintiff, the Court holds that the Defendants have made a timely and proper motion pursuant to CPLR §3211(a)(1), sufficiently demonstrating that the Plaintiff's own filed documents establish that the Plaintiff has not satisfied the condition precedent of proper service of a 90-day notice, mandated by RPAPL§1304. Instead, relying on the provision of the required loan information from thirty-four months prior to the commencement of the second foreclosure action, the alleged notice provided by the Plaintiff in March 2022 is clearly insufficient and flies in the face of the statutory purpose of the RPAPL §1304 mandates. Therefore, the Defendants' motion must be granted, and the complaint must be dismissed.

As stated above, compliance with RPAPL §1304 is a condition precedent to an action to

6

[* 6]

foreclose a mortgage. The dismissal of a complaint for the failure to satisfy a condition precedent is not a final judgment upon the merits for the purposes of CPLR §§205(a) or 205-a. Accordingly, the Court must direct the dismissal of the complaint without prejudice. *Wells Fargo Bank, N.A. v. Palaigos*, 235 A.D.3d 1027, 1029–30 (2d Dept 2025) (internal citations omitted).

## ORDERS

Upon consideration of the arguments of counsel and a careful review of the papers submitted, it is now

**ORDERED** that the Defendants' pre-answer motion for an order dismissing the Plaintiff's Complaint is **GRANTED,** without prejudice; and it is further

**ORDERED** that the Defendants shall serve a copy of this Decision and Order with Notice of Entry upon the Plaintiff within thirty (30) days of entry.

This constitutes the Decision and Order of the Court.

Date:  April ____21____ , 2025

_____
Hon. Jennifer M. Noto
Acting Supreme Court Justice

[* 7]